UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTRO DE TRABAJADORES UNIDOS, *et al.*,

    *Plaintiffs.*

    v.

SCOTT BESSENT, *et al.*,

    *Defendants.*

No. 25-cv-0677 (DLF)

# ORDER

Before the Court is the plaintiff's Motion for Temporary Restraining Order, Dkt. 11. For the reasons stated during the March 19, 2025 hearing, the Court will deny the motion.

A temporary restraining order is an extraordinary remedy that should be granted sparingly. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To prevail, a party must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (internal quotation marks omitted). The plaintiff "bear[s] the burdens of production and persuasion." *Qualls v. Rumsfeld*, 357 F. Supp. 2d 274, 281 (D.D.C. 2005) (citing *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)).

To succeed on the merits, "[a] plaintiff must show a likelihood of success not only on substantive theories but also establish jurisdiction," including standing to sue. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (internal quotation marks omitted). When, as here, a plaintiff rests its "claims for declaratory and injunctive relief on predicted future

injury, [it] bears a more rigorous burden to establish standing." *Arpaio v. Obama*, 797 F.3d 11, 21 (D.C. Cir. 2015) (internal quotation marks and citations omitted). "Allegations *of possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up). Instead, the "threatened injury must be *certainly impending to* constitute injury in fact." *Id*.

The plaintiffs have failed to demonstrate standing. The plaintiffs allege that the IRS may unlawfully share their members' confidential tax records with DHS or other government officials, in violation of 26 U.S.C. § 6103. Compl. ¶ 29. In support, the plaintiffs cite a newspaper article that reports the possibility of future cooperation between the IRS and DHS. *Id.*; Reply at 1. But, as the plaintiffs acknowledge, Compl. ¶¶ 26, 27, § 6103 contains several exemptions that permit the IRS to disclose tax return information to other agencies for certain purposes, including for use in criminal investigations and proceedings, *see, e.g.*, 26 U.S.C. § 6103(i). A single news report about future cooperation between the IRS and DHS does not establish that the plaintiffs' members are facing imminent injury.

That is especially true here, where the government has represented to the Court that it is abiding by the law. The IRS's Chief Privacy Officer, in her sworn declaration, states that no tax return information discussed in the complaint has been disclosed to DHS. Walters Decl. ¶ 3. She further attests that neither President Trump nor the White House have made any requests for tax return information for immigration purposes. *Id.* ¶ 4. The government attorney represented at the hearing that these representations remain true today. Rough Tr. 10:23-24. He also stated that the IRS will not release tax information to DHS or to any other Executive Branch official or entity unless that information can be shared lawfully under 26 U.S.C. § 6103. Rough Tr 15:6-8. On this limited record, the Court cannot presume that the government is poised to violate the law. *Waite*

*v. Macy*, 246 U.S. 606, 609 (1918) ("Courts will not issue injunctions against administrative officers on the mere apprehension that they will not do their duty or will not follow the law.")

At least at this stage, the plaintiffs have not established a likelihood of success on the merits. For the same reasons, they have not shown that they face irreparable harm. Because the plaintiffs have satisfied neither of these requirements, they are not entitled to their requested relief, and the Court need not consider the remaining TRO factors. *See Ark. Dairy Co-op Ass'n*, 573 F.3d at 832. Accordingly, it is

**ORDERED** that the plaintiff's Motion for a Temporary Restraining Order, Dkt. 11, is **DENIED**.

March 20, 2025

_____
DABNEY L. FRIEDRICH
United States District Judge