UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Centro de Trabajadores Unidos, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Scott Bessent, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. | Civil Action No. 25-677 (DLF) |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF UNREDACTED EXHIBIT**

On April 7, 2025, Defendants Scott Bessent and Kristi Noem, on behalf of Defendants the Internal Revenue Service (IRS), Department of Homeland Security (DHS), and U.S. Immigration and Customs Enforcement (ICE), executed a Memorandum of Understanding (MOU) to allow the IRS to share return information with DHS and ICE, despite the confidentiality requirements of the Internal Revenue Code. The same day, Defendants submitted the MOU in support of their Opposition to Plaintiffs' Motion for Preliminary Injunction and Motion to Dismiss the Amended Complaint. *See* Decl. of Kathleen Evey Walters attaching MOU, ECF 30-1. Although Ms. Walters asserts that the copy of the MOU attached to her declaration is "true and complete," *id.* ¶ 3, it is heavily redacted. Defendants did not move for leave to file the unredacted version under seal, did not seek a protective order, did not invoke any privilege (other than an allusion to "[l]aw enforcement sensitive material" in footnote 2 of their opposition), and offered no justification for redacting information from the exhibit they submitted in support of their opposition and motion.

Defendants have refused to provide an unredacted version to Plaintiffs' counsel or the Court, even after Plaintiffs' counsel requested an unredacted copy and committed to not sharing the redacted information with anyone other than counsel and the Court. *See* Email of April 8, 2025,

from Plaintiffs' counsel to Defendants' counsel, attached as Exhibit 1. In refusing to provide the redacted material, Defendants indicated only that the redactions were to protect "law enforcement techniques and procedures." Email of April 9, 2025, from Defendants' counsel to Plaintiffs' counsel, attached as Exhibit 2. As explained in Plaintiffs' Reply in Support of their Motion for Preliminary Injunction, neither Plaintiffs nor the Court can properly address Defendants' arguments because they rest, in large part, on the content of the heavily redacted MOU. Therefore, Plaintiffs seek an order compelling Defendants to produce the MOU without redactions. Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel requested Defendants' position on this motion on the morning of April 10, and has not received a response.

## ARGUMENT

Defendants unilaterally and without the Court's permission redacted information from the key exhibit on which they rely, preventing Plaintiffs and the Court from accessing the complete document. Defendants did not seek leave to file a redacted version of the MOU in the public record, did not seek leave to file a complete version under seal, and did not seek a protective order. *See, e.g.*, LCvR 5.1(h) (setting forth requirements and procedures for filing a document under seal). Had they done so, Defendants would have needed to explain the basis for redacting information that is material to the pending motions, and the Court could have weighed the competing interests and issued a decision. Instead, Defendants ignored the appropriate procedural mechanisms and arrogated to themselves the Court's role in determining what information will be available to the Court, Plaintiffs, and the public.

Defendants' belated attempt to assert the law enforcement privilege to protect the redacted material is unavailing. First, to invoke the law enforcement privilege, "three requirements must be met: (1) there must be a formal claim of privilege by the head of the department having control

2

over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege." *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988) (citations omitted); *see Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000) (same). "These conditions ensure that the privilege is presented in a deliberate, considered, and reasonably specific manner." *Id.* Here, Defendants have not attempted to satisfy these three requirements; they merely asserted the privilege in conclusory fashion.

Second, even where the privilege is properly invoked, that only begins the analysis. The law enforcement privilege is qualified, and determining its applicability requires the Court to weigh the agency's interest in nondisclosure "against the need of a particular litigant for access to the privileged information." *Id.* at 272. "The process of identifying and weighing the competing interests cannot be avoided," *id.*, and it requires consideration of multiple factors. *See, e.g., id.* (listing ten factors). Notably, "[t]he government bears the burden of proving that the balance favors nondisclosure." *See Kusama Nio v. DHS*, 314 F. Supp. 3d 238, 244 (D.D.C. 2018) (citing *In re Anthem, Inc. Data Breach Litig.*, 236 F.Supp.3d 150, 166 (D.D.C. 2017)). Here, Defendants have failed to meet the burden because they have not articulated any basis for asserting the privilege. Moreover, the balance of factors would favor disclosure because the document bears directly on the key issues in Plaintiffs' case, Defendants rely on the document but only they have seen it in its entirety, and the document is unavailable from any other source.

Third, Defendants have waived the law enforcement privilege by voluntarily filing a significant portion of the MOU and failing to properly invoke the privilege. *See Kusama Nio*, 314 F. Supp. 3d at 247 ("The law enforcement privilege can be waived through voluntary disclosure of a significant portion of the information claimed to be privileged." (internal quotation marks and

3

citation omitted)). Once waived, the privilege is lost. Further, Defendants' reliance on the document allows for introduction of the redacted portions that are necessary for fairness and completeness. *See* Fed. R. Evid. 106.

## CONCLUSION

For the foregoing reasons, the Court should order Defendants to produce the unredacted MOU and should allow Plaintiffs to supplement their Reply in Support of their Motion for Preliminary Injunction to address the previously redacted information.

Dated: April 10, 2025                                              Respectfully submitted,

/s/ Nandan M. Joshi

Kevin L. Herrera
   (Motion for *pro hac vice* forthcoming)
Mark H. Birhanu
   (Motion for *pro hac vice* forthcoming)
Raise the Floor Alliance
1 N. LaSalle Street, Suite 1275
Chicago, Illinois 60602
(312) 795-9115
kherrera@raisethefflooralliance.org

Nandan M. Joshi
   (DC Bar No. 456750)
Michael T. Kirkpatrick
   (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org

Alan B. Morrison
   (DC Bar No. 073114)
George Washington Law School,
2000 H Street, NW
Washington, DC 20052
(202) 994-7120
abmorrison@law.gwu.edu

*Counsel for Plaintiffs*

Exhibit 1

# Nandan Joshi

| | |
|---|---|
| **From:** | Nandan Joshi |
| **Sent:** | Tuesday, April 8, 2025 9:22 AM |
| **To:** | Weisberg, Andrew J. (TAX); Sergi, Joseph A. (TAX) |
| **Cc:** | Michael Kirkpatrick; Alan Morrison |
| **Subject:** | Centro de Trabajadores Unidos v. Bessent, No. 25-677 (DDC) |

Good morning,

In light of the briefing schedule and the upcoming preliminary injunction hearing, will Defendants agree to share an unredacted copy of the IRS/DHS MOU and the IRS/ICE implementing agreement with Plaintiffs' counsel? I will commit that the documents will not be shared to anyone except Plaintiffs' counsel (including the litigation director at my firm) and the court, any non-public information filed with the court will be filed under seal, and copies of the documents will be destroyed or deleted at the final conclusion of this litigation.

Best,

Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org

1

Exhibit 2

Exhibit 2

# Nandan Joshi

| | |
|---|---|
| **From:** | Weisberg, Andrew J. (TAX) <Andrew.J.Weisberg@usdoj.gov> |
| **Sent:** | Wednesday, April 9, 2025 4:35 PM |
| **To:** | Nandan Joshi; Sergi, Joseph A. (TAX) |
| **Cc:** | Michael Kirkpatrick; Alan Morrison |
| **Subject:** | RE: Centro de Trabajadores Unidos v. Bessent, No. 25-677 (DDC) |

Nandan,

We talked to the client agencies. The redactions were made to protect law enforcement techniques and procedures. *Kusuma Nio v. United States Dep't of Homeland Sec.*, 314 F. Supp. 3d 238 (D.D.C. 2018).

Given the sensitive nature of the material, we cannot agree to release the redacted material or file the unredacted document under seal.

Best,
Andrew

**Andrew J. Weisberg**
Trial Attorney
U.S. Department of Justice, Tax Division
Tel: 202.616.3884; Fax: 202.514.4963
Andrew.J.Weisberg@usdoj.gov

**From:** Nandan Joshi <njoshi@citizen.org>
**Sent:** Tuesday, April 8, 2025 9:22 AM
**To:** Weisberg, Andrew J. (TAX) <Andrew.J.Weisberg@usdoj.gov>; Sergi, Joseph A. (TAX) <Joseph.A.Sergi@usdoj.gov>
**Cc:** Michael Kirkpatrick <mkirkpatrick@citizen.org>; Alan Morrison <abmorrison@law.gwu.edu>
**Subject:** [EXTERNAL] Centro de Trabajadores Unidos v. Bessent, No. 25-677 (DDC)

Good morning,

In light of the briefing schedule and the upcoming preliminary injunction hearing, will Defendants agree to share an unredacted copy of the IRS/DHS MOU and the IRS/ICE implementing agreement with Plaintiffs' counsel? I will commit that the documents will not be shared to anyone except Plaintiffs' counsel (including the litigation director at my firm) and the court, any non-public information filed with the court will be filed under seal, and copies of the documents will be destroyed or deleted at the final conclusion of this litigation.

Best,

Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org