UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Centro de Trabajadores Unidos, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Scott Bessent, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. | Civil Action No. 25-677 (DLF) |

**PLAINTIFFS' REPLY TO MOTION TO COMPEL
PRODUCTION OF UNREDACTED EXHIBIT**

Defendants' opposition to Plaintiffs' motion to compel production of the unredacted information-sharing memorandum of understanding (MOU) between the Treasury Department and the Department of Homeland Security (DHS) confirms that the unredacted MOU should be before this Court. Plaintiffs brought this action because Defendants are initiating an unprecedented program under which the Internal Revenue Service (IRS) will share confidential taxpayer information with DHS and U.S. Immigration and Customs Enforcement (ICE) for the purpose of locating individuals for immigration enforcement. As Plaintiffs explained in connection with their motion for a preliminary injunction, the Internal Revenue Code provides a narrow exception to the bar on sharing taxpayer information that allows the IRS to share taxpayer return information relevant to a specific criminal investigation or proceeding. *See* 26 U.S.C. § 6103(i)(2). That exception does not authorize sharing of address information to locate an individual or the mass sharing of information not plausibly relevant to individual investigations actually being conducted. *See* Prelim. Inj. Mem. 14–16, ECF 28-1.

Defendants opposed the preliminary-injunction motion in part because, they asserted, the MOU "only parrot[s] the IRS's preexisting statutory obligations under Section 6103." Prelim. Inj. Opp. 16, ECF 30. It is now clear, however, that the MOU establishes a novel information-sharing initiative that does not "only parrot" section 6103(i)(2). As explained by Defendants' declarant, Kevin F. Coenen, an employee serving as the Executive Action Officer supporting the Assistant Director and the Deputy Assistant Director for ICE's Homeland Security Investigations, Office of Intelligence, the redacted portions of the MOU set forth "the manner [in] which and what type of information [is] being shared" by IRS with ICE. Coenen Decl. ¶ 6, ECF 37-1. Those points lie at the very heart of Plaintiffs' claims. To the extent that the type of information to be shared includes taxpayers' address information, Defendants' information-sharing deal speaks directly to Plaintiffs' claim that section 6103(i)(2) does not authorize sharing that information for the purpose of locating individuals for civil or criminal immigration enforcement. And to the extent that the MOU is needed to facilitate mass sharing of information—as opposed to the individualized, case-specific requests that U.S. Attorneys have traditionally made under section 6103(i)(2)—the redacted terms relate directly to Plaintiffs' claim that section 6103(i)(2) cannot be used in that manner. This Court should require the unredacted agreement to be filed so that it can address Plaintiffs' claims on a complete record.[1]

### A.   Defendants failed to comply with Local Rule 5.1(h).

Defendants' excuses for not seeking a protective order and not seeking leave to file the unredacted MOU under seal do not hold up to scrutiny. First, Defendants assert that they did not need to file a motion to seal under Local Rule 5.1(h) because that local rule applies only to requests

---

[1] The MOU specifies that it may be amended by the parties at any time, with no provision for notice to the public. The MOU also refers to a separate implementation agreement between IRS and ICE. Defendants have not indicated whether that agreement has been executed.

to seal entire documents, not to file redacted documents. Defs. Opp. 3, ECF 30. But Rule 5.1(h) requires a party seeking to file under seal to file "exhibits under seal with a contemporaneous motion seeking permission to file the documents under seal, along with redacted versions available on the public docket." *Coclough v. Akal Sec., Inc.*, No. CV 16-2376 (BAH), 2022 WL 768469, at *2 (D.D.C. Mar. 13, 2022). That process is necessary to vindicate the "strong presumption in favor of public access to judicial proceedings." *Doe v. Noem*, No. CV 25-769, 2025 WL 958249, at *2 (D.D.C. Mar. 31, 2025). Defendants should not be able to circumvent that process by filing only a redacted document instead of filing the unredacted version with the Court.

Second, Defendants seek to excuse their failure to follow the normal rule because of the time constraints caused by the MOU being executed on the same day that Defendants filed their opposition to the preliminary-injunction motion. But even if the timing excused their initial failure to comply with the Rule, Defendants have not explained why they have still, more than one week later, not filed a motion to seal as required. And because they refused to comply, Plaintiffs were put to the burden of filing a motion to compel on the day that Plaintiffs filed their reply to the preliminary-injunction motion, after Defendants rejected Plaintiffs' request to share the MOU under a promise of confidentiality that would have limited its dissemination to Plaintiffs' counsel and this Court. *See* ECF 33, Exs. 1 & 2.

Third, Defendants argue that they failed to follow the required procedure because "a Motion to Seal under Local Rule 5.1(h) requires the entire document to [be] filed under seal with an unredacted copy provided to the other side and a Motion filed in advance that allows the Court to approve redactions," which "made it unpalatable to produce the unredacted version at all." Defs. Opp. 3–4. But that is not their call to make. It is for the Court to decide whether a party's filing

3

may be shielded from disclosure under a valid claim of privilege. That is what the Rule 5.1(h) process would have enabled this Court to do.

> B. **Defendants have not properly invoked the law enforcement privilege.**

Defendants correctly state that, to properly assert the law enforcement privilege, "the head of the department having control over the information must formally assert the protection based on his or her actual personal consideration of the documents and must specify in detail the information for which the protection is claimed and explain why it falls within the scope of the protection." Defs. Opp. 6 (citing *Kusama Nio v. DHS*, 314 F. Supp. 3d 238, 243 (D.D.C. 2018)). Defendants have failed to meet the threshold requirement because their declarant, Kevin F. Coenen, is not the head of either the Department of the Treasury or the Department of Homeland Security—the two departments having control over the MOU. Indeed, the heads of those two departments, Scott Bessent and Kristi Noem, are the signatories to the MOU. Mr. Coenen is neither the head of DHS, nor the head of ICE, nor the head of Homeland Security Investigations (HSI), nor the head of the Office of Intelligence within HSI (HSI Intel). Rather, he is an "Executive Action Officer" within HSI Intel where he has a role in "supporting the Assistant Director and the Deputy Assistant Director for HSI Intel." Coenen Decl., ECF 38-1, ¶ 1. Mr. Coenen does not purport to be the "head" of anything, much less the department having control over the MOU.

In support of their assertion that "Mr. Coenen is a proper individual within ICE to invoke the protection," Defs. Opp. 7, Defendants cite *Kusama Nio*, 314 F. Supp. 3d at 243, and *Landry v. FDIC*, 204 F.3d 1125, 1135–36 (D.C. Cir. 2000). In *Kusama Nio*, the court held that the "Associate Director of the Field Operations Directorate at USCIS" had sufficient responsibility to assert the privilege because "he report[ed] directly to the Director and ha[d] been delegated the authority to assert the law enforcement privilege on his behalf." 314 F. Supp. 3d at 243. In contrast, Mr. Coenen

does not report directly to the head DHS or ICE and has not been delegated the authority to act on behalf of any department head. In *Landry*, the D.C. Circuit explained that law enforcement privilege need not be asserted "by the head of the *overall* department or agency," 204 F.3d at 1135, and held that "the head of the appropriate regional division of the [agency's] supervisory personnel [was] of sufficient rank" to assert the privilege, *id.* at 1136. Mr. Coenen does not purport to be the head of any regional division of an agency.

### C. Plaintiffs' need for the material overcomes the privilege.

As Defendants concede, the privilege is qualified and subject to a multifactor balancing test. *See* Defs. Opp. 6. "The government bears the burden of proving that the balance favors nondisclosure." *Kusama Nio*, 314 F. Supp. 3d at 244 (citing *In re Anthem, Inc. Data Breach Litig.*, 236 F. Supp. 3d 150, 166 (D.D.C. 2017)).

Defendants incorrectly contend that the ten-factor *Frankenhauser* test supports applying the privilege.[2] But they concede that Factors eight and nine weigh in favor of disclosure. *See* Defs. Opp. 8. And contrary to Defendants' contention, the tenth factor—the importance of the

---

[2] The ten factors are "(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case." *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1342–43 (D.C. Cir. 1984) (quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)). Factors 1, 2, 3, and 7 do not appear to apply here.

information sought to the plaintiff's case—also weighs heavily in favor of disclosure because, as explained above, the redacted information goes to the heart of Plaintiffs' claims.

Invoking the fourth factor, Defendants assert that "revealing the specific information sought would allow bad actors or third parties to evade or interfere with investigations related to criminal offenses enforced by ICE." Defs. Opp. 8. But section 6103(i)(2) already informs the public that the IRS may disclose certain taxpayer information for criminal investigations when the provisions of that section are satisfied. Defendants fail to explain how the redacted information would lead to evasion or interference with investigations if, as they assert, the MOU merely parrots the standards set out in section 6103(i)(2).

Defendants are likewise incorrect that the fifth and sixth factors favor nondisclosure: Those factors concern records of specific investigations, not interagency agreements that reportedly permit sharing of information about hundreds of thousands, if not millions, of individuals. *See* Prelim. Inj. Mem. 4–5, ECF 28-1.

In short, the factors most relevant here—8, 9, and 10—indicate that the qualified law-enforcement privilege should not apply, and none of the other factors counterbalance those considerations. The government has not satisfied its burden of proving otherwise.

D.     **Exemptions from disclosure under FOIA are inapposite.**

Because Defendants cannot meet the three-step procedural requirement for invoking the privilege and cannot sustain their burden under the balancing test, they argue that they are not invoking the law enforcement privilege at all. *See* Defs. Opp. 5 ("However, the agency is not asserting [the law enforcement privilege], but rather [that information is law enforcement sensitive]"); id. at 5 n.6 ("To be clear, the government's position is that the information is sensitive but not privileged"). Defendants cite no authority for the principle that "law enforcement sensitive

information" that does not fall within the law enforcement *privilege* may nonetheless be withheld from opposing party and the Court in a civil action. Instead, Defendants rely on cases applying Exemption 7 to the Freedom of Information Act (FOIA), which protects certain law-enforcement records from mandatory disclosure under FOIA. *See* Defs. Opp. 6 (citing *DOJ v. Landano*, 508 U.S. 165 (1993)); *id.* at 9 (citing *Jordan v. United States Dep't of Labor*, 308 F. Supp. 3d 24, 40 (D.D.C. 2018)). But whether the government may decline to disclose Exemption 7 material in response to a FOIA request is inapposite as to the question whether the government can withhold relevant information in a non-FOIA case while conceding that it is not privileged—especially where, as here, the redacted information is vital to the issues before the Court.

### E. The Court should order disclosure under Federal Rule of Evidence 106.

Finally, Defendants offer no persuasive basis for opposing disclosure under the Federal Rule of Evidence 106, which provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Rule 106 is triggered "when it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *Jordan*, 308 F. Supp. 3d at 40. Here, Defendants acknowledge that "the redacted passages … describe the specific information sought by ICE and information ICE will provide to identify the subjects of the investigation." Defs. Opp. 9. Again, this information—currently hidden from Plaintiffs', this Court's, and the public's view—goes to the very heart of Plaintiffs' claims. This Court should exercise its discretion under Rule 106 and compel disclosure of the unredacted MOU.

## CONCLUSION

For the foregoing reasons and those set forth in the motion, the Court should order Defendants to produce the unredacted MOU and should allow Plaintiffs to supplement their Reply in Support of their Motion for Preliminary Injunction to address the previously redacted information.

Dated: April 15, 2025

Kevin L. Herrera
  (Motion for *pro hac vice* forthcoming)
Mark H. Birhanu
  (Motion for *pro hac vice* forthcoming)
Raise the Floor Alliance
1 N. LaSalle Street, Suite 1275
Chicago, Illinois 60602
(312) 795-9115
kherrera@raisethefflooralliance.org

Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi
  (DC Bar No. 456750)
Michael T. Kirkpatrick
  (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org

Alan B. Morrison
  (DC Bar No. 073114)
George Washington Law School,
2000 H Street, NW
Washington, DC 20052
(202) 994-7120
abmorrison@law.gwu.edu

*Counsel for Plaintiffs*