## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTRO DE TRABAJADORES UNIDOS, et al. | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) Case No. 25-cv-677-DLF |
| SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al. | ) ) ) |
| *Defendants,* | ) ) |

## DECLARATION OF DANIEL MARTINEZ

I, DANIEL MARTINEZ, hereby declare as follows:

1.      I am Counsel at American Oversight, and I make this declaration based on my personal knowledge, through consultation with my colleagues at American Oversight, and through a review of American Oversight's business records.

2.      American Oversight is a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials. American Oversight's primary professional activity or occupation is information dissemination.

3.      American Oversight analyzes the records it receives and creates explanatory and editorial content on the basis of its findings, and the organization highlights its findings for other media to ensure wide public dissemination. American Oversight also typically posts records it receives from public records requests for free, public viewing on its website. American Oversight disseminates the information it receives in order to facilitate the informed participation of the

1

American public in self-government, including by ensuring the public has the information it needs to effectively petition its representatives in Congress.

*American Oversight's FOIA Requests*

4.      On April 9, 2025, American Oversight submitted a Freedom of Information Act ("FOIA") request bearing internal tracking number TREAS-IRS-25-1033 to the Internal Revenue Service ("IRS") seeking, among other items, all formal or informal final directives, guidance, protocol, or policies created by, issued to, or otherwise provided to the IRS regarding data sharing with Immigration and Customs Enforcement ("ICE"). American Oversight sought all responsive records from March 17, 2025, through the date the search was conducted. A true and correct copy of the request is attached as Exhibit 1.

5.      IRS acknowledged receipt of the request on April 9, 2025, and assigned the request IRS tracking number 2025-12698. A true and correct copy of the acknowledgment letter is attached as Exhibit 2.

6.      On April 9, 2025, American Oversight submitted a FOIA request bearing internal tracking number TREAS-25-1034 to the Department of the Treasury ("Treasury") seeking, among other items, all formal or informal final directives, guidance, protocol, or policies created by, issued to, or otherwise provided to Treasury regarding data sharing between the IRS and ICE. American Oversight sought all responsive records from January 20, 2025, through the date the search was conducted. A true and correct copy of the request is attached as Exhibit 3.

7.      Treasury acknowledged receipt of the request on April 9, 2025, and assigned the request IRS tracking number 2025-FOIA-01991. A true and correct copy of the acknowledgment email is attached as Exhibit 4.

8.    On April 9, 2025, American Oversight submitted a FOIA request bearing internal tracking number DHS-ICE-25-1035 to ICE seeking, among other items, all formal or informal final directives, guidance, protocol, or policies created by, issued to, or otherwise provided to ICE regarding data sharing with the IRS, including, but not limited to, the use of data obtained from the IRS. American Oversight sought all responsive records from January 20, 2025, through the date the search was conducted. A true and correct copy of the request is attached as Exhibit 5.

9.    ICE acknowledged receipt of the request on April 10, 2025, and assigned the request IRS tracking number 2025-ICFO-30946. A true and correct copy of ICE's acknowledgment email is attached as Exhibit 6.

10.    On April 9, 2025, American Oversight submitted a FOIA request bearing internal tracking number DHS-25-1036 to ICE seeking, among other items, all formal or informal final directives, guidance, protocol, or policies created by, issued to, or otherwise provided to ICE regarding data sharing with the IRS, including, but not limited to, the use of data obtained from the IRS. American Oversight sought all responsive records from January 20, 2025, through the date the search was conducted. A true and correct copy of the request is attached as Exhibit 7.

11.    DHS acknowledged receipt of the request on April 11, 2025, and assigned the request IRS tracking number 2025-HQFO-03417. A true and correct copy of the acknowledgment email is attached as Exhibit 8.

12.    American Oversight's ability to obtain public records on a prompt basis is crucial to its mission of ensuring transparency of government actions, promoting accountability of government officials, and disseminating information about government activities to the public. Prompt responses to public records requests and timely production of relevant documents are

crucial to American Oversight's ability to fulfill its mission. American Oversight intends to rapidly disseminate the non-exempt records it receives in response to its FOIA requests.

13.     The responsive records that American Oversight seeks are of significant interest, about which there is an urgent need to inform the public. American Oversight's FOIA requests will shed light not only on the data-sharing agreements made between various agencies, but also on how these agreements fit in into the Trump Administration's express goal of mass deportations.

14.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:  May 1, 2025                              /s/ Daniel Martinez
                                                 Daniel Martinez

# EXHIBIT 1

# AMERICAN OVERSIGHT

April 9, 2025

**VIA ONLINE PORTAL**

Internal Revenue Service
GLDS Support Services
Stop 211
P.O. Box 621506
Atlanta, GA 30362
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of your agency, American Oversight makes the following request for records.

The Internal Revenue Service (IRS) recently finalized an agreement to share data on undocumented taxpayers with Immigration and Customs Enforcement (ICE).[1] American Oversight seeks records with the potential to shed light on data sharing practices between these agencies.

**Requested Records**

American Oversight requests that your agency produce the following records within twenty business days:

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the IRS officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed below.

   <u>Internal Revenue Service Officials:</u>
   i.    Melanie Krause, Acting Commissioner
   ii.   Emily Kornegay, Chief of Staff
   iii.  Heather Maloy, Chief Tax Compliance Officer
   iv.   Kenneth Corbin, Chief of Taxpayer Services
   v.    Rajiv Uppal, Chief Information Officer
   vi.   Guy Ficco, Chief, Criminal Investigation
   vii.  Anyone serving as Deputy Commissioner

---

[1] *See, e.g.*, Joel Rose, *The IRS Finalizes A Deal to Share Tax Information With Immigration Authorities*, NPR (Apr. 8, 5:59 PM), https://www.npr.org/2025/04/08/g-s1-59056/irs-dhs-information-sharing-deal-immigrants-tax-records.



viii.    Anyone serving as Chief Counsel
ix.    Anyone serving as Senior Advisor

<u>Key Terms</u>:
a.    deport*
b.    migrant
c.    migrants
d.    immigrant
e.    immigrants
f.    immigration
g.    alien
h.    aliens
i.    illegals
j.    undocumented
k.    non-citizen
l.    noncitizen
m.    "non citizen"

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "deport*" would return all of the following: deport, deportation, deportee, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2.    All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise provided to the IRS regarding undocumented immigrant taxpayers.

**For parts 1-2 of this request, please provide all responsive records from April 4, 2025, through the date the search is conducted.**

3.    All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the Internal Revenue Service (IRS) officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed below.

<u>Internal Revenue Service Officials</u>:

TREAS-IRS-25-1033

i.      Teresa Hunter, Acting Chief Operating Officer
ii.     Charles Messing, Acting Chief Risk Officer
iii.    Bryan Musselman, Acting Chief Financial Officer
iv.     Kathleen Walters, Chief Privacy Officer
v.      Mike Wetklow, Chief Risk Officer

Key Terms:
a.      deport*
b.      migrant
c.      migrants
d.      immigrant
e.      immigrants
f.      immigration
g.      alien
h.      aliens
i.      illegals
j.      undocumented
k.      non-citizen
l.      noncitizen
m.      "non citizen"

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "deport*" would return all of the following: deport, deportation, deportee, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 3 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

**For part 3 of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

4.  All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the Internal Revenue Service (IRS) officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed below.

Internal Revenue Service Officials:
x.      Melanie Krause, Acting Commissioner
xi.     Emily Kornegay, Chief of Staff

TREAS-IRS-25-1033

xii.     Heather Maloy, Chief Tax Compliance Officer
xiii.    Kenneth Corbin, Chief of Taxpayer Services
xiv.     Rajiv Uppal, Chief Information Officer
xv.      Guy Ficco, Chief, Criminal Investigation
xvi.     Teresa Hunter, Acting Chief Operating Officer
xvii.    Charles Messing, Acting Chief Risk Officer
xviii.   Mike Wetklow, Chief Risk Officer
xix.     Bryan Musselman, Acting Chief Financial Officer
xx.      Kathleen Walters, Chief Privacy Officer
xxi.     Anyone serving as Deputy Commissioner
xxii.    Anyone serving as Chief Counsel
xxiii.   Anyone serving as Senior Advisor

Key Terms:
a.     resign*
b.     termin*
c.     quit
d.     "deferred-resignation"
e.     "non-tax criminal"
f.     "non tax criminal"

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "resign*" would return all of the following: resign, resignation, resigned, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 4 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

5. All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise provided to the IRS regarding data sharing with ICE.

6. All dissent memoranda or complaints, whether official or unofficial, including ethics or whistleblower complaints, submitted to the relevant offices in your agency regarding sharing data or information with ICE.

7. All records reflecting any resignation letters, farewell email messages, or formal memorandum or email communications announcing the departure of Acting Commissioner Melanie Krause, Chief of Staff Emily Kornegay, Acting Chief Risk Officer Charles Messing, Chief Operating Officer Teresa Hunter,

– 4 –

Chief Risk Officer Mike Wetklow, and/or Acting Chief Financial Officer
Bryan Musselman.

**For parts 4–7 of this request, please provide all responsive records from
March 17, 2025, through the date the search is conducted.**

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American
Oversight requests a waiver of fees associated with processing this request for records.
The subject of this request concerns the operations of the federal government, and the
disclosures will likely contribute to a better understanding of relevant government
procedures by the general public in a significant way. Moreover, the request is for non-
commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested
information is "in the public interest because it is likely to contribute significantly to
public understanding of operations or activities of the government."[2] The public has a
significant interest in the decision to share IRS data with ICE for immigration
enforcement purposes.[3] Records with the potential to shed light on this matter would
contribute significantly to public understanding of operations of the federal
government, including how this data-sharing agreement will be implemented. American
Oversight is committed to transparency and makes the responses agencies provide to
FOIA requests publicly available, and the public's understanding of the government's
activities would be enhanced through American Oversight's analysis and publication of
these records.

This request "is not primarily in the commercial interest of the requester."[4] In fact, as a
501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the
release of the information requested is not in American Oversight's commercial interest.
American Oversight's mission is to promote transparency in government, to educate the
public about government activities, and to ensure the accountability of government
officials. American Oversight uses the information gathered, and its analysis of it, to
educate the public through reports, press releases, or other media. American Oversight
also makes materials it gathers available on its public website and promotes their
availability on social media platforms, such as Facebook and X (formerly Twitter).[5]

---

[2] 5 U.S.C. § 552(a)(4)(A)(iii).

[3] *See, e.g.*, Andrew Duehren, *Top I.R.S. Officials Said to Resign After Deal to Give ICE
Migrants' Data*, N.Y. Times (Apr. 9, 9:13 AM),
https://www.nytimes.com/2025/04/08/us/politics/irs-ice-tax-data-deal.html.

[4] 5 U.S.C. § 552(a)(4)(A)(iii).

[5] American Oversight currently has approximately 16,000 followers on Facebook and
95,000 followers on X (formerly Twitter). American Oversight, Facebook,
https://www.facebook.com/weareoversight/ (last visited Apr. 9, 2025); American
Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight
(last visited Apr. 9, 2025).

TREAS-IRS-25-1033

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[6] Examples reflecting this commitment include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[7] posting records and editorial content about the federal government's response to the COVID-19 pandemic;[8] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[9] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[10] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[11]

Accordingly, American Oversight qualifies for a fee waiver.

Notwithstanding its fee waiver request, pursuant to 31 C.F.R. § 1.7(e), American Oversight hereby states that it is willing to pay fees in an amount not more than $25.00.

---

[6] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.

[7] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

[8] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g., CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

[9] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.

[10] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[11] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g., New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

TREAS-IRS-25-1033

## Guidance Regarding the Search & Processing of Requested Records

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

- In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[12] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[13]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[14] and many agencies have adopted the National Archives and Records Administration

---

[12] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).

[13] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).

[14] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

TREAS-IRS-25-1033

(NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

## Conclusion

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Danny Martinez at foia@americanoversight.org or (202) 897-2465. Also, if American Oversight's request

TREAS-IRS-25-1033

for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

*/s/ Danny Martinez*
Danny Martinez
on behalf of
American Oversight

TREAS-IRS-25-1033

# EXHIBIT 2

**Subject:** Request Acknowledgement by IRS
**Date:** Wednesday, April 9, 2025 at 11:13:31 AM Pacific Daylight Time
**From:** noreplyirspublicaccessportal@ains.com
**To:** foia@americanoversight.org

EXTERNAL SENDER

Dear Chioma Chukwu,

Request Number 2025-12698 has been assigned to the
request you submitted. In all future correspondence regarding this request, please reference request number 2025-12698.

If
you need information regarding your FOIA request, please contact the Disclosure caseworker assigned to your request. They can be reached using the messaging feature within the IRS FOIA Public Access Portal
in the FOIA correspondence you may have received.

If you experience any technical issues such as broken links, typos, downloading or any other website issues, please email **IRSPublicAccessPortal@irs.gov.**

**Please
do not reply to this message. Replies to this message go to an unmonitored mailbox.**

Regards,


IRS

# EXHIBIT 3



April 9, 2025

**VIA ONLINE PORTAL**

Department of the Treasury
FOIA & Transparency
1500 Pennsylvania Ave. NW
Washington, DC 20220
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the
implementing regulations of your agency, American Oversight makes the following
request for records.

The Internal Revenue Service (IRS) recently finalized an agreement to share data on
undocumented taxpayers with Immigration and Customs Enforcement (ICE).[1]
American Oversight seeks records with the potential to shed light on data sharing
practices between these agencies.

**Requested Records**

American Oversight requests that your agency produce the following records within
twenty business days:

1.  All email communications (including emails, email attachments, complete
    email chains, calendar invitations, and calendar invitation attachments) <u>sent
    by</u> any of the Department of the Treasury (TREAS) officials listed below,
    and/or anyone communicating on their behalf, such as an assistant,
    secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed
    below.

    <u>Department of the Treasury Officials:</u>
    i.      Scott Bessent, Secretary
    ii.     Michael Faulkender, Deputy Secretary
    iii.    Dan Katz, Chief of Staff
    iv.     Cora Alvi, Deputy Chief of Staff
    v.      Samantha Schwab, Deputy Chief of Staff
    vi.     Chris Pilkerton, General Counsel
    vii.    Anyone serving as Senior Advisor

---

[1] *See, e.g.*, Joel Rose, *The IRS Finalizes A Deal to Share Tax Information With Immigration
Authorities*, NPR (Apr. 8, 5:59 PM), https://www.npr.org/2025/04/08/g-s1-59056/irs-
dhs-information-sharing-deal-immigrants-tax-records.



Key Terms:
a.    deport*
b.    migrant
c.    migrants
d.    immigrant
e.    immigrants
f.    immigration
g.    alien
h.    aliens
i.    illegals
j.    undocumented
k.    non-citizen
l.    noncitizen
m.    "non citizen"

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "deport*" would return all of the following: deport, deportation, deportee, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2.    All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise provided to TREAS regarding undocumented immigrant taxpayers.

3.    All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise provided to TREAS regarding data sharing between the IRS and ICE.

4.    All dissent memoranda or complaints, whether official or unofficial, including ethics or whistleblower complaints, submitted to the relevant offices in your agency regarding sharing IRS data or information with ICE.

**For parts 1–4 of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

TREAS-25-1034

5. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the TREAS officials listed above in part 1, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed below.

<u>Key Terms:</u>
a.    resign*
b.    termin*
c.    quit
d.    "deferred-resignation"
e.    Krause

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "resign*" would return all of the following: resign, resignation, resigned, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 5 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

**For part 5 of this request, please provide all responsive records from March 17, 2025, through April 9, 2025.**

1. All records reflecting any resignation letters, farewell email messages, or formal memorandum or email communications announcing the departure of IRS Acting Commissioner Melanie Krause, Chief of Staff Emily Kornegay, Acting Chief Risk Officer Charles Messing, Chief Operating Officer Teresa Hunter, Chief Risk Officer Mike Wetklow, and/or Acting Chief Financial Officer Bryan Musselman.

**For part 5 of this request, please provide all responsive records from March 17, 2025, through the date the search is conducted.**

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government

TREAS-25-1034

procedures by the general public in a significant way. Moreover, the request is for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[2] The public has a significant interest in the decision to share IRS data with ICE for immigration enforcement purposes.[3] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including how this data-sharing agreement will be implemented. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request "is not primarily in the commercial interest of the requester."[4] In fact, as a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the release of the information requested is not in American Oversight's commercial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and X (formerly Twitter).[5]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[6] Examples reflecting this commitment include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[7] posting records and editorial content about the federal government's response

---

[2] 5 U.S.C. § 552(a)(4)(A)(iii).

[3] *See, e.g.,* Andrew Duehren, *Top I.R.S. Officials Said to Resign After Deal to Give ICE Migrants' Data*, N.Y. Times (Apr. 9, 9:13 AM), https://www.nytimes.com/2025/04/08/us/politics/irs-ice-tax-data-deal.html.

[4] 5 U.S.C. § 552(a)(4)(A)(iii).

[5] American Oversight currently has approximately 16,000 followers on Facebook and 95,000 followers on X (formerly Twitter). American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited Apr. 9, 2025); American Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight (last visited Apr. 9, 2025).

[6] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.

[7] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

TREAS-25-1034

to the COVID-19 pandemic;[8] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[9] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[10] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[11]

Accordingly, American Oversight qualifies for a fee waiver.

Notwithstanding its fee waiver request, pursuant to 31 C.F.R. § 1.7(e), American Oversight hereby states that it is willing to pay fees in an amount not more than $25.00.

## Guidance Regarding the Search & Processing of Requested Records

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

---

[8] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g., CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

[9] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.

[10] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[11] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g., New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

TREAS-25-1034

- In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[12] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[13]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[14] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

---

[12] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).
[13] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).
[14] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

TREAS-25-1034

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

## Conclusion

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Danny Martinez at foia@americanoversight.org or (202) 897-2465. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

*/s/ Danny Martinez*
Danny Martinez
on behalf of
American Oversight

TREAS-25-1034

# EXHIBIT 4

**Subject:** Request Acknowledgement by Treasury
**Date:** Wednesday, April 9, 2025 at 11:30:42 AM Pacific Daylight Time
**From:** foia@treasury.gov
**To:** foia@americanoversight.org

EXTERNAL SENDER

Dear Melanie Sloan,

Case Number 2025-FOIA-01991 has been assigned to the request you submitted. In all future correspondence regarding this request pl

Regards,
Treasury

# EXHIBIT 5



April 9, 2025

**VIA ONLINE PORTAL**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th St. SW
Stop 5009
Washington, DC 20536
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of your agency, American Oversight makes the following request for records.

The Internal Revenue Service (IRS) recently finalized an agreement to share data on undocumented taxpayers with Immigration and Customs Enforcement (ICE).[1] American Oversight seeks records with the potential to shed light on data sharing practices between these agencies.

**Requested Records**

American Oversight requests that your agency produce the following records within twenty business days:

1.  All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the ICE officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed below.

    <u>Immigration and Customs Enforcement Officials:</u>
    i.      Todd Lyons, Acting Director
    ii.     Caleb Vitello, former Acting Director
    iii.    Madison Sheahan, Acting Deputy Director
    iv.     Jon Feere, Chief of Staff
    v.      Kenneth Genalo, Acting Deputy Executive Associate Director, Enforcement and Removal Operations

---

[1] *See, e.g.*, Joel Rose, *The IRS Finalizes A Deal to Share Tax Information With Immigration Authorities*, NPR (Apr. 8, 5:59 PM), https://www.npr.org/2025/04/08/g-s1-59056/irs-dhs-information-sharing-deal-immigrants-tax-records.



    vi.     Garrett Ripa, former Acting Deputy Executive Associate Director,
            Enforcement and Removal Operations
    vii.    Russell Hott, former Acting Executive Associate Director,
            Enforcement and Removal Operations
    viii.   Peter Berg, former Deputy Executive Associate Director,
            Enforcement and Removal Operations

<u>Key Terms</u>:
a.      IRS
b.      "Internal Revenue Service"
c.      tax*

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "tax*" would return all of the following: tax, taxes, taxpayer, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2.   All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise provided to ICE regarding data sharing with the Internal Revenue Service (IRS), including, but not limited to, the use of data obtained from the IRS.

**For both parts of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

<u>Fee Waiver Request</u>

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to

DHS-ICE-25-1035

public understanding of operations or activities of the government."[2] The public has a significant interest in the decision to share IRS data with ICE for immigration enforcement purposes.[3] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including how this data-sharing agreement will be implemented. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request "is not primarily in the commercial interest of the requester."[4] In fact, as a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the release of the information requested is not in American Oversight's commercial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and X (formerly Twitter).[5]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[6] Examples reflecting this commitment include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[7] posting records and editorial content about the federal government's response to the COVID-19 pandemic;[8] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump

---

[2] 5 U.S.C. § 552(a)(4)(A)(iii).

[3] *See, e.g.*, Andrew Duehren, *Top I.R.S. Officials Said to Resign After Deal to Give ICE Migrants' Data*, N.Y. Times (Apr. 9, 9:13 AM), https://www.nytimes.com/2025/04/08/us/politics/irs-ice-tax-data-deal.html.

[4] 5 U.S.C. § 552(a)(4)(A)(iii).

[5] American Oversight currently has approximately 16,000 followers on Facebook and 95,000 followers on X (formerly Twitter). American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited Apr. 9, 2025); American Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight (last visited Apr. 9, 2025).

[6] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.

[7] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

[8] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g.*, *CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

DHS-ICE-25-1035

administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[9] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[10] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[11]

Accordingly, American Oversight qualifies for a fee waiver.

### Guidance Regarding the Search & Processing of Requested Records

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

- In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as

---

[9] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.

[10] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[11] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g., New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

DHS-ICE-25-1035

personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[12] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[13]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[14] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

---

[12] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).
[13] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).
[14] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

DHS-ICE-25-1035

**Conclusion**

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Danny Martinez at foia@americanoversight.org or (202) 897-2465. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

*/s/ Danny Martinez*
Danny Martinez
on behalf of
American Oversight

– 6 –

# EXHIBIT 6

Wednesday, April 30, 2025 at 3:44:53 PM Pacific Daylight Time

**Subject:** ICE FOIA 2025-ICFO-30946
**Date:**    Thursday, April 10, 2025 at 2:58:14 PM Pacific Daylight Time
**From:**    ice-foia@ice.dhs.gov
**To:**      FOIA

EXTERNAL SENDER


04/10/2025

Taylor
Stoneman
1030 15th Street, NW, B255
Washington, District of Columbia 20005


RE: ICE FOIA Case Number 2025-ICFO-30946

Dear Requester:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Immigration
and Customs Enforcement (ICE), dated 4/9/2025, and to your request for a waiver of all assessable FOIA fees. Your request was received in this office on 4/9/2025. Specific

1. All email communications (including
emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the ICE officials listed below, and/or anyone cor
and containing any of the key terms listed below.

Immigration and Customs Enforcement Officials:

i. Todd Lyons, Acting Director
ii. Caleb Vitello, former Acting Director
iii. Madison Sheahan, Acting Deputy Director
iv. Jon Feere, Chief
of Staff
v. Kenneth Genalo, Acting Deputy Executive Associate Director, Enforcement and Removal Operations
vi. Garrett Ripa, former Acting Deputy Executive Associate Director, Enforcement and Removal Operations
vii. Russell Hott, former Acting Executive
Associate Director, Enforcement and Removal Operations
viii. Peter Berg, former Deputy Executive Associate Director, Enforcement and Removal Operations

Key Terms:

a. IRS
b. "Internal Revenue Service"
c. tax*

Please note that American
Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "tax*" would return all of the
please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited
part 1 of this request to emails sent by the specified individuals. To
be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individu
to an email and the initial received message are responsive to this request and should be produced.

2. All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise
provided to ICE regarding data sharing with the Internal Revenue Service (IRS), including, but not limited to, the use of data obtained from the IRS.

For both parts of this request, please provide all responsive records from January 20, 2025, through
the date the search is conducted.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulat
according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10- day extension of this tim
and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). Please contact our office if you're able to narrow th
process. We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver. The DHS FOIA Regulations at 6 CFR § 5.11(k)(2) set forth six factors ICE must evaluate to determine whether the applicable legal standard
for a fee waiver has been met: (1) Whether the subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "l
Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or
of government operations or activities will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (
large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, ICE has

determined that it will conditionally grant your request for a fee waiver. The fee waiver determination will be based upon a sampling of the responsive documents receive to your FOIA request. ICE will, pursuant to DHS regulations applicable to media requesters, process the first 100 pages. If upon review of these documents, ICE determines factors permitting ICE to waive the fees, then ICE will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount factors allowing for a fee waiver. In either case, ICE will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive

In the event that your fee waiver
is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request. We shall charge you requestors. As a media requester you will be charged 10 cents per page for duplication; the first 100 pages are free. In the event that your fee waiver is denied, we will con will contact you before accruing any additional fees.

ICE has queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasab that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

If you have any questions or wish to discuss reformulation or an alternative time frame
for the processing of your request, please contact Daniel Edgington, FOIA Public Liaison at (866) 633-1182 or the address above. Additionally, you have a right to seek dispu mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is con to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Admir telephone at 202-741-5770; toll free at 1-877-684-6448.

Your request has been assigned reference number 2025-ICFO-30946. Please use this number in any future correspondence.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom
 of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

# EXHIBIT 7



April 9, 2025

**VIA ONLINE PORTAL**

Department of Homeland Security
Privacy Office, Mail Stop 0655
2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of your agency, American Oversight makes the following request for records.

The Internal Revenue Service (IRS) recently finalized an agreement to share data on undocumented taxpayers with Immigration and Customs Enforcement (ICE).[1] American Oversight seeks records with the potential to shed light on data sharing practices between these agencies.

**Requested Records**

American Oversight requests that your agency produce the following records within twenty business days:

1.  All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the Department of Homeland Security (DHS) officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed below.

    <u>Department of Homeland Security Officials:</u>
    i.      Kristi Noem, Secretary
    ii.     Troy Edgar, Deputy Secretary
    iii.    Juliana Blackwell, Acting Executive Secretary
    iv.     Rob Law, Senior Advisor
    v.      Tony Pham, Senior Advisor
    vi.     Philip Hegseth, Senior Advisor
    vii.    Benjamine Huffman, Former Acting Secretary

---

[1] *See, e.g.*, Joel Rose, *The IRS Finalizes A Deal to Share Tax Information With Immigration Authorities*, NPR (Apr. 8, 5:59 PM), https://www.npr.org/2025/04/08/g-s1-59056/irs-dhs-information-sharing-deal-immigrants-tax-records.



> viii.    MaryAnn Tierney, Former Acting Deputy Secretary
> ix.    Anyone serving as Under Secretary of Management
> x.    Anyone serving as Deputy Secretary
> xi.    Anyone serving as Chief of Staff
>
> Key Terms:
> a.    IRS
> b.    "Internal Revenue Service"
> c.    tax*
>
> Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "tax*" would return all of the following: tax, taxes, taxpayer, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.
>
> In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2.    All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise provided to DHS regarding data sharing with the Internal Revenue Service (IRS), including, but not limited to, the use of data obtained from the IRS.

**For both parts of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[2] The public has a

---

[2] 5 U.S.C. § 552(a)(4)(A)(iii).

significant interest in the decision to share IRS data with ICE for immigration enforcement purposes.[3] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including how this data-sharing agreement will be implemented. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request "is not primarily in the commercial interest of the requester."[4] In fact, as a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the release of the information requested is not in American Oversight's commercial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and X (formerly Twitter).[5]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[6] Examples reflecting this commitment  include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[7] posting records and editorial content about the federal government's response to the COVID-19 pandemic;[8] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump administration's proposed construction of a barrier along the U.S.-Mexico border, and

---

[3] *See, e.g.*, Andrew Duehren, *Top I.R.S. Officials Said to Resign After Deal to Give ICE Migrants' Data*, N.Y. Times (Apr. 9, 9:13 AM), https://www.nytimes.com/2025/04/08/us/politics/irs-ice-tax-data-deal.html.

[4] 5 U.S.C. § 552(a)(4)(A)(iii).

[5] American Oversight currently has approximately 16,000 followers on Facebook and 95,000 followers on X (formerly Twitter). American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited Apr. 9, 2025); American Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight (last visited Apr. 9, 2025).

[6] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.

[7] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

[8] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g.*, *CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

DHS-25-1036

analyses of what those records reveal;[9] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[10] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[11]

Accordingly, American Oversight qualifies for a fee waiver.

### Guidance Regarding the Search & Processing of Requested Records

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

- In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted

---

[9] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.
[10] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.
[11] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g., New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

– 4 –

DHS-25-1036

using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[12] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[13]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[14] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

---

[12] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).
[13] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).
[14] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

DHS-25-1036

**Conclusion**

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Danny Martinez at foia@americanoversight.org or (202) 897-2465. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

*/s/ Danny Martinez*
Danny Martinez
on behalf of
American Oversight

DHS-25-1036

# EXHIBIT 8

**Subject:** Department of Homeland Security FOIA 2025-HQFO-03417 Acknowledgment
**Date:** Friday, April 11, 2025 at 8:38:48 AM Pacific Daylight Time
**From:** foia@hq.dhs.gov
**To:** foia@americanoversight.org

EXTERNAL SENDER

04/11/2025

SENT
 VIA E-MAIL TO: foia@americanoversight.org

American Oversight
1030 15th Street NW B255
Washington, District of Columbia 20005

Re: 2025-HQFO-03417

Dear Requester:

This letter acknowledges receipt of your Freedom of Information
Act (FOIA) request to the Department of Homeland Security (DHS), dated 4/9/2025, and to your request for a waiver of all assessable FOIA fees. Our office received your re

1. All email communications (including
 emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent
by any of the Department of Homeland Security (DHS) officials listed below, and/or anyone communicating on their behalf, such as an assistant,
 secretary, and/or chief of staff, and containing any of the key terms listed below.
Department of Homeland Security Officials:
i. Kristi Noem, Secretary
ii. Troy Edgar, Deputy Secretary
iii. Juliana Blackwell, Acting Executive Secretary
iv.
 Rob Law, Senior Advisor
v. Tony Pham, Senior Advisor
vi. Philip Hegseth, Senior Advisor
vii. Benjamin Huffman, Former Acting Secretary
viii. MaryAnn Tierney, Former Acting Deputy Secretary
ix. Anyone serving as Under Secretary of Management
x.
 Anyone serving as Deputy Secretary
xi. Anyone serving as Chief of Staff
Key Terms:
a. IRS
b. "Internal Revenue Service"
c. tax*
2. All formal or informal final directives (including informal email communications), guidance, protocol, or policies
 created by, issued to, or otherwise provided to DHS regarding data sharing with the Internal Revenue Service (IRS), including, but not limited to, the use of data obtained fr
For both parts of this request, please provide all responsive records
 from January 20, 2025, through the date the search is conducted.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Consistent with 6 C.F.R. Part 5 § 5.5(a) of t
regulations, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your reque
6 C.F.R. Part 5 § 5.5(c).

You have requested a fee waiver. The DHS FOIA regulations at 6 C.F.R. Part 5 § 5.11(k) set forth six factors DHS must evaluate to determine whether the applicable legal stan
subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "likely to contribute" to an understanding of gove
will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons, (4) Whe
will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (6) Whether the magnitude of any iden
public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, DHS has determined that it will conditionally
 grant your request for a fee waiver. The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offic
to DHS FOIA regulations applicable to non-commercial requesters, provide two hours of search time and process the first 100 pages at no charge to you. If upon review of t
documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a perc
material found that meets the factors allowing for a fee waiver. In either case, DHS will promptly notify you of its final decision regarding your request for a fee waiver and

In
 the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with yo
as they apply to non-commercial requesters. As a non-commercial requester you will be charged for any search time and duplication beyond the free two hours and 100 pa
and search time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher. In the event
an agreement to pay up to $25.00. This office will contact you before accruing any additional fees.

We have queried the appropriate component(s) of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the analysts in our office will respond to your request as expeditiously as possible. We appreciate your patience as we procee

Your request has been assigned reference number 2025-HQFO-03417.
 Please refer to this identifier in any future correspondence. If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-43