**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| CENTRO DE TRABAJADORES UNIDOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. |

Civil Action No. 25-677 (DLF)

**DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

[UNDER SEAL]

After reviewing the unredacted MOU between Treasury and DHS, Plaintiffs filed a supplemental brief with additional arguments on why the Court should grant their preliminary injunction.[1] *See* ECF No. 48. None of those arguments gives Plaintiffs a substantial likelihood of success on the merits. First, none of the arguments bolsters Plaintiffs' standing claim. They lack standing for the reasons explained in the United States' Reply in Support of its Motion to Dismiss, filed today (ECF No. 49). Second, Plaintiffs offer only commentary on the meaning of Section 6103(i)(2)—but the Court must decide the meaning of the statute on its own. *See, e.g.*, *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) (the "best reading" of a statute is "'the reading the court would have reached' if no agency were involved" (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.11 (1984)). And for the reasons explained below, Plaintiffs' commentaries are not persuasive.

First, Plaintiffs claim that Internal Revenue Manual ("IRM") 11.3.28.5(4) prohibits the IRS from releasing only addresses under Section 6103(i)(2) of the Internal Revenue Code. The Internal Revenue Manual is not legally binding on the IRS. *See Marks v. Commissioner*, 947 F.2d 983, 986 n.1 (D.C. Cir. 1991) (citing *Pomeroy v. United States*, 864 F.2d 1191, 1994–95 (5th Cir. 1989)). IRM 11.3.28.5(4) presupposes that a request under Section 6103(i)(2) for only an address could not possibly comply with the statute. The drafter of that part of the IRM likely did not envision a scenario in which ████████████████████████████████

---

[1] On April 18, 2025, Immigration and Customs Enforcement ("ICE") and the IRS executed an Implementation Agreement supplementing the MOU. The United States provided Plaintiffs with an unredacted copy of the Implementation Agreement on April 21, 2025, subject to the Court's Protective Order. *See* ECF No. 46. Plaintiffs did not reference the Implementation Agreement in their Opposition to the Motion to Dismiss (ECF No. 45) or their supplemental brief (ECF No. 48). At the Court's request, the United States can file a copy of the Implementation Agreement under seal.

████████████████████████. Nothing in the statute prohibits a requester from seeking

█████████████████████████████.

Plaintiffs have also submitted internal Treasury memoranda allegedly finding that addresses cannot be shared under Section 6103(i)(2). These internal memos are not even regulations; they have no binding effect on this Court. *See Loper Bright*, 603 U.S. at 391–92. And the Court should give them little weight. First, the memoranda are hardly as unequivocal as Plaintiffs suggest. The Selective Service memoranda acknowledge that (i)(2) could be read to allow a law enforcement agency to obtain address information. The first memo, from Fred Fielding at the White House to the IRS, confirms that, "section [6103 (i)(2)] can be read literally to permit disclosure of current address information to agencies filing written requests with the IRS…." ECF No. 48 at 14. The second memo, from a Deputy Chief Counsel at the IRS, also states, "[s]hould the Department of Justice file a request pursuant to Section 6103(i)(2), an argument can be made that the Service can disclose current address information for the purpose of locating and prosecuting violators of the Selective Service Act." *Id.* at 18. The third memo, from Treasury Office of the General Counsel, confirms that, "[t]he Deputy Chief Counsel noted that the literal language of the amended 6103(i)(2) can be read to permit disclosure of current address information for the administration of nontax federal criminal laws…." *Id.* at 21. To be sure, the last memo, to Treasury Secretary Donald Regan, found not disclosing addresses to be "the more defensible legal position," but it did not refute the position that the literal text of the statute could be read to permit the disclosure. *Id.* at 27. Even though they have no binding effect on this Court's decision, no memo suggests that Section 6103(i)(2) does not allow disclosure of taxpayer addresses if the request itself includes the address.

The Court should follow the statutory text. Assuming the other prerequisites are met, the statute directs the IRS to disclose information under Section 6103(i)(2) if it "is, or may be, relevant to [a] proceeding or investigation." 26 U.S.C. § 6103(i)(2)(B)(iv). That is a broad standard: it only requires the information to be potentially relevant *to the investigation*. It does not require the information to be relevant to an element of the alleged crime. That contrasts with other parts of Section 6103, which were drafted to permit disclosure of return information only if it might be relevant to an issue that might be litigated. Under Section 6103(h)(2)(B), a third party's return or return information can be disclosed to Department of Justice employees for use in a tax-related investigation or court proceeding if the taxpayer's treatment of an item on the return "is or may be related to *the resolution of an issue in* the proceeding or investigation." (Emphasis added). *See also* 26 U.S.C. § 6103(h)(2)(C) (permitting disclosure of a third party's return information that may relate to a transactional relationship between the third party and a party to the proceeding or investigation "which affects, or may affect, *the resolution of an issue in* such proceeding or investigation").

Had Congress intended to limit disclosures of return information under Section 6103(i)(2) only to situations in which it was relevant to an element of the crime under investigation, it would have included something like the "resolution of an issue" language found in Section 6103(h)(2)(B) and (C). Instead, Congress drafted Section 6103(i)(2)(B)(iv) more broadly to allow for disclosures of information where it is generally relevant for the investigation, and not necessarily to prove an element of the crime. *See* 26 U.S.C. § 6103(i)(2)(B)(iv).

Congress also chose to use the relaxed "may be relevant" standard in Section 6103(i)(2)(B)(iv). (Comma omitted). Again, Congress chose a higher standard elsewhere,

allowing disclosure of third-party return information in tax cases only upon an unambiguous showing of relevance. *See* 26 U.S.C. § 6103(h)(4)(B) (emphasis added) (allowing disclosure of tax return information in a court proceeding "*only* if the treatment of an item reflected on such return *is directly related to* the resolution of an issue in the proceeding"), § 6103(h)(4)(C) (similar standard for third parties with a transactional relationship to the taxpayer who is party to the proceeding). Congress even amended Section 6103(i)(2) to lower the bar for disclosure. In 1982, Congress changed the standard from "is or may be *material*" to "is or may be *relevant*." *Compare* 26 U.S.C. § 6103(i)(2)(B)(iv) (1982) (relevance standard) *with* 26 U.S.C. § 6103(i)(2)(D) (1976) (materiality standard). Information is "material" if it is probative to a proceeding and "reasonably likely to influence the tribunal in making a determination." *Weinstock v. United States*, 231 F.2d 699, 701 (D.C. Cir. 1956). By contrast, information is relevant if it merely "relate[s] to the issue." *Id.*

Thus, the IRS can disclose ███████████████ if it is relevant to the investigation or proceeding. But even if the Court takes a narrower view of Section 6103(i)(2)(B)(iv)—that it only permits disclosure if the information is relevant to an element of the crime under investigation—the MOU still passes muster. That is highlighted, rather than undermined, by the different crimes at issue in the Selective Service memoranda and in the MOU before the Court. First, the Selective Service memoranda. In 1982, President Reagan directed the Secretary of Health and Human Services to provide Social Security number information to the Selective Service, which would compare the information to its registration database to identify men who had failed to register. ECF No. 48 at 14. The memoranda Plaintiffs attach as exhibits consider whether the Selective Service could request the addresses of men who had failed to register for the Selective Service to locate them for potential prosecution under 50 U.S.C. App. § 462. *See id.*

4

But address data is irrelevant to the crime of failing to register for the Selective Service. By contrast, ███████ *is* potentially relevant to an element of many immigration crimes. ███████ ████████████████████████████████████████████████ *See, e.g.*, 8 U.S.C. § 1253(a)(1) (failure to depart the U.S. after an order of removal); 8 U.S.C. § 1306 (failure to register after remaining in the U.S. for 30 days or to update one's address within 10 days of moving). That alone places this case on a different footing and demonstrates that the MOU does not incorporate a violation of Section 6103.

Plaintiffs' other authorities are not persuasive either. The statements from previous IRS Commissioners, ECF No. 48 at 5-6, are inapposite. Commissioner Everson reiterated the IRS's general commitment to taxpayer privacy but noted that there were exceptions through which the information could be shared. *Id.* Everson's remark that sharing return information "with immigration authorities would have a chilling effect" on tax compliance, and Commissioner Koskinen's comment to the same effect, could be read to pertain to sharing information for *civil* immigration purposes. *See id.* at 6. But even if they could be read to pertain to criminal immigration enforcement, the Commissioners' comments say nothing about the scope of Section 6103(i)(2). Plaintiffs also try to bolster their argument that Section 6103(i)(5) controls requests for addresses by pointing to legislative history from 1982 and floor statements from 2006. ECF No. 48 at 5, 6. "Post-enactment legislative history . . . becomes of absolutely no significance when the subsequent Congress (or more precisely, a committee of one House) takes on the role of a court and in its reports asserts the meaning of a prior statute." *United States ex rel. Long v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3d 870, 878-79 (D.C. Cir. 1999), *supplemented on other grounds*, 173 F.3d 890 (D.C. Cir. 1999).

Rather than rely on comments in later legislative history, ambiguous statements by former officials, or legal memoranda prepared for a different question, the Court should interpret Section 6103(i)(2) using the traditional tools of statutory construction. *See Loper Bright*, 603 U.S. at 400-01. And when the meaning of the statute's text is plain, the Court's job is at an end: it should apply the text's plain meaning if the resulting statutory scheme is coherent and consistent. *Blackman v. District of Columbia*, 456 F.3d 167, 176 (D.C. Cir. 2006). Here, as the United States has explained, the statutory scheme is consistent because Sections 6103(i)(2) and 6103(i)(5) apply in different situations, have different prerequisites, and allow the requesting agency to obtain different sets of information. In *Polselli v. IRS*, the Supreme Court rejected the argument that Sections 7609(c)(2)(D)(i) and (ii) were superfluous because the subparts applied to different types of entities and were triggered by different events. *See Polselli v. IRS*, 598 U.S. 432, 441–43 (2023) (Even if there "may not be very heavy work for [a] phrase to perform, [] a job is a job, and enough to bar the rule against redundancy from disqualifying an otherwise sensible reading."). Similarly, Section 6103(i)(2) applies for non-tax criminal investigations and only allows disclosure of return information other than taxpayer return information, while Section 6103(i)(5) is only triggered when a federal judge issues an ex parte order finding that inspection of any return information is relevant to locating a fugitive. Reading Section 6103(i)(2) to permit a law enforcement agency to request address information fits within the plain meaning of the text and does not create surplusage with Section 6103(i)(5).

Thus, the United States requests that the Court deny Plaintiffs' motion for a preliminary injunction and grant its motion to dismiss the Amended Complaint.

Date: April 28, 2025

/s/ Andrew J. Weisberg
Joseph A. Sergi (D.C. Bar No. 480837)
Senior Litigation Counsel

Andrew J. Weisberg (N.Y. Bar No. 5616321)
Trial Attorney
Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, DC 20044
Telephone: (202) 305-0868
Joseph.A.Sergi@usdoj.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, I filed the foregoing Reply to Plaintiffs' Supplemental

Brief with the Clerk of Court under seal using the CM/ECF system. On April 28, 2025, I also

served Plaintiffs' counsel via email to:

Mark Birhanu
mbirhanu@raisethefalloralliance.org

Kevin Herrera
kherrera@raisethefloloralliance.org

Nandan M. Joshi
njoshi@citizen.org

Alan Morrison
abmorrison@law.gwu.edu

Michael Kirkpatrick
mkirkpatrick@citizen.org

/s/ Andrew J. Weisberg
Andrew J. Weisberg
Trial Attorney, Tax Division
U.S. Department of Justice