UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRO DE TRABAJADORES UNIDOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al., <br><br> Defendants. | Civil Action No. 25-677 (DLF) |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

The United States opposes American Oversight's intervention because, among other things, it offers no cognizable argument as to why it can obtain the relief it seeks, and its interests are otherwise adequately represented by the current Plaintiffs.

American Oversight seeks access to "judicial records under seal, as well as any records submitted to the Court at the April 16, 2025, hearing that do not appear on the docket" based on a "common law right of access."[1] ECF No. 59-1 at 3, 11. When considering whether to unseal or release documents based on the public's common law right of access, courts assess whether the documents are judicial records and then move on to "balancing the public's right of access against the interests favoring nondisclosure." *Jenkins v. Washington Metro. Area Transit Auth.*, 960 F. Supp. 2d 2, 6 (D.D.C. 2013) (Walton, J.) (citing *Washington Legal Found. V. United States Sentencing Comm'n*, 89 F.3d 897, 902 (D.C. Cir. 1996)).

A judicial record is a document a court considers as part of the "adjudicatory process." *SEC v. American Int'l Group*, 712 F.3d 1, 3 (D.C. Cir. 2013) (quoting *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997)). A document that is not considered by the court when making its judgment is not a judicial record. *SEC*, 712 F.3d at 3. The Court has not yet rendered a decision on the pending motion for a preliminary injunction (ECF No. 28) or the

---

[1] The only documents that fall within American Oversight's request are: (1) an unredacted copy of the MOU with the text redacted on the public version highlighted, that was submitted to the Court at the hearing on April 16, 2025, but not entered on the docket; (2) an unredacted copy of Plaintiffs' Supplemental Brief, which was filed under seal as ECF No. 47-1 and filed publicly and redacted as ECF No. 48; and (3) an unredacted copy of the United States' Reply to Plaintiffs' Supplemental Brief, which was filed under seal as ECF No. 50-1 and filed publicly and redacted as ECF No. 60. The parties' motions to file under seal (ECF Nos. 47 and 50) and the corresponding proposed orders (ECF Nos. 47-2 and 50-2) have been automatically sealed because they were filed on the docket with the parties' sealed briefs. American Oversight makes references to the Implementation Agreement between ICE and the IRS in its motion, but the Implementation Agreement was never submitted to the Court or filed under seal by any party. Therefore, it is outside the scope of American Oversight's request.

United States' motion to dismiss the Amended Complaint (ECF No. 31). Only if the Court considers Plaintiffs' sealed Supplemental Memorandum (ECF No. 47-1) and the United States' Sealed Reply (ECF No. 50-1) in adjudicating the pending motions would they be considered judicial records. If the Court only considers the redacted versions of these documents (ECF Nos. 48 and 60) in reaching its decision, then the unredacted versions would not be judicial records subject to possible public release.

The unredacted MOU is not a judicial record under any circumstances. The United States submitted the unredacted MOU to the Court at the hearing on April 16, 2025, for the limited purpose of resolving Plaintiffs' motion to compel (ECF No. 33). However, the parties resolved the issue at the hearing by consent without the need for the Court to issue an order on the motion. The unredacted MOU has never been filed on the docket by either Plaintiffs or the United States, even under seal. Therefore, it has never been considered by the Court for anything beyond a potential order on the motion to compel that was never issued.

Even if the three documents at issue are deemed judicial records, the Court must use the *Hubbard* factors to "balance the public's right of access against the interests favoring nondisclosure." *True the Vote*, 2024 WL 2803332, at *5 (quoting *Jenkins*, 960 F. Supp. 2d at 6). The six factors this Court considers are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *EEOC*

2

*v. Nat'l Child.'s Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).

The public has never had access to the three documents at issue, and there is no compelling need for them to have access now. *See United States v. ISS Marine Servs.*, 905 F. Supp. 2d 131, 140–41 (D.D.C. 2012) (Howell, J.) ("the burden is instead respondent's to demonstrate the *absence* of a need for public access because the law presumes that the public is entitled to access the contents of judicial proceedings."); *United States ex rel. Durham Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67–8 (D.D.C. 2011) (Boasberg, J.) (the second *Hubbard* factor is "neutral" when the public has never had access to the documents at issue). The documents have limited redactions for the sole purpose of shielding from the public the specific information ICE is requesting from the IRS. The unredacted documents offer numerous assurances that nothing in the MOU allows the IRS to produce to ICE information beyond what Section 6103(i)(2) allows. *See* ECF Nos. 38-1, 48, 60. Even Plaintiffs do not argue that the MOU itself gives ICE or the IRS that freedom to operate outside the bounds of Section 6103. *See* ECF No. 48. Indeed, Plaintiffs argue that the interpretation of Section 6103(i)(2) expressed in the MOU is inaccurate, but there is no suggestion that the MOU states ICE or the IRS is not bound to the limits of Section 6103.

Notably, Plaintiffs did not file the unredacted MOU under seal or cite the text under the redactions to support their argument that the MOU's interpretation of Section 6103 is flawed. *See* ECF No. 48. Nor does the Court need the MOU to render its decision on the parties pending motions. Whether Section 6103(i)(2) authorizes the IRS to disclose information to ICE under the circumstances that this case presents is a legal question the Court will answer based on the parties arguments.

3

The United States, a party to this case, objects to disclosure of the three documents, which is "deemed to weigh in favor of denial of public access." *United States v. Thomas*, 840 F. Supp. 2d 1, 4 (D.D.C. 2011) (Robinson, J.). The United States does not take this position lightly, and only does so because of its strong privacy interests in protecting the information ICE seeks from the IRS and the possibility of prejudice to ICE's investigation if the limited redacted information is made public. The redactions to the MOU, and the portions of the parties' briefs discussing those redactions, need to remain sealed as law enforcement sensitive ("LES") to protect ICE's investigations and law enforcement practices. *See* ECF No. 38-1 (Declaration of Kevin Coenen from ICE explaining why the information is LES). The LES protection is a qualified common-law privilege "that allows the federal government to withhold information that would be contrary to the public interest in the effective functioning of law enforcement." *Kusuma Nio v. U.S. Dep't of Homeland Sec.*, 314 F. Supp. 3d 238, 243 (D.D.C. 2018) (Meriweather, M.J.) (internal quotation marks omitted). "The privilege serves to protect 'the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations." *Id.* (internal quotation marks omitted). The type of harm contemplated under LES ranges from undercutting investigations and prosecutions by disclosing investigative techniques, forewarning suspects of ongoing investigation, to deterring witnesses from coming from as confidential informants. *U.S. Dep't of Just. v. Landano*, 508 U.S. 165 (1993).

Courts examine whether a party would be prejudiced by releasing sealed documents through examining the impact of the disclosure in "future litigation." *Durham*, 818 F. Supp. 2d at 68 (internal citations omitted). If the redacted portions of the MOU or briefs are released, ICE

will be significantly harmed in ongoing and future criminal litigation because its law enforcement practices will be revealed. Informing the public of the specific information ICE is seeking from the IRS will compromise ICE's ability to prosecute violations of criminal statutes.

The last *Hubbard* factor also weighs against disclosure because the redactions within the three documents at issue were not submitted to the Court "with the intention that the court [would] rely on them." *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 85 (D.D.C. 2020) (Harvey, M.J.). The Court should not assess whether the entire documents were submitted with the intention that the Court would rely on them, because redacted versions of the documents are already publicly available. Instead, the Court should merely consider whether the limited redacted portions were considered for the Court to rely on them. The redacted language in the MOU, and references to that language in the parties' briefs, does not change or expand upon any legal or factual arguments. Plaintiffs' decision not to attach the unredacted MOU in their supplemental brief or quote directly from it illustrates that it is irrelevant to their underlying bases for the relief they seek.

Finally, American Oversight has submitted FOIA requests for the unredacted MOU. ECF No. 59-1 at 5. Although FOIA does not restrict this Court from releasing the three documents at issue, American Oversight has not shown a reason why the FOIA process should be circumvented. *See MetLife*, 865 F.3d at 672 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983)). American Oversight submitted FOIA requests less than 30 days ago. *See* ECF No. 59-2 ¶¶ 4–11. An agency must respond to a FOIA request and communicate whether it will comply typically within 20 working days, or 30 working days in "unusual circumstances." *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(B)(1)). The FOIA requests were received between April

5

9, 2025, and April 11, 2025. ECF No. 59-2 ¶¶ 5, 7, 9, 11. Thus, the agencies have at a minimum until May 7, 2025, to confirm whether they will produce the unredacted MOU. American Oversight has no argument as to why it needs the unredacted MOU before the agencies can produce it in response to the FOIA requests. If the agencies do not respond to the requests or fail to produce the unredacted MOU, American Oversight has the full range of FOIA litigation options at its disposal to seek judicial review of the refusal to disclose.

Thus, the United States requests that the Court deny American Oversight's motion.

Date: May 5, 2025

*/s/ Andrew J. Weisberg*
Joseph A. Sergi (D.C. Bar No. 480837)
Senior Litigation Counsel

Andrew J. Weisberg (N.Y. Bar No. 5616321)
Trial Attorney
Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, DC 20044
Telephone: (202) 305-0868
Joseph.A.Sergi@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2025, I filed the foregoing Opposition to American Oversight's Motion to Intervene with the Clerk of Court under seal using the CM/ECF system, which will serve counsel for the movant and all other parties to this action.

*/s/ Andrew J. Weisberg*
Andrew J. Weisberg
Trial Attorney, Tax Division
U.S. Department of Justice