UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTRO DE TRABAJADORES UNIDOS, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al.<br><br>*Defendants.* | Case No. 25-cv-677-DLF |

**AMERICAN OVERSIGHT'S REPLY IN SUPPORT OF ITS
MOTION TO INTERVENE FOR ACCESS TO JUDICIAL DOCUMENTS**

The IRS has executed a Memorandum of Understanding ("MOU") with ICE to share taxpayer data for immigration enforcement purposes in a stark departure from the federal government's longstanding commitment to protecting taxpayer confidentiality. American Oversight files this reply in support of its motion to intervene to make fully public the MOU and other judicial records in this case.

Since Defendants first filed a redacted document in this case, Decl. Kathleen Evey Walters, ECF No. 30-1, they have failed to comply with the Federal Rules of Civil Procedure, the Rules of the United States Court of the District of Columbia ("the Local Rules"), and the law of this Circuit.[1]

---

[1] *See* Local Rule 5.1(h) (providing appropriate procedure to file a document under seal with the Court); Fed. R. Civ. P. 5.2 (regarding privacy protections for court filings, including that "the [c]ourt may . . . unseal the filing or order the person . . . to file a redacted version."); *see also Abdelhady v. George Washington Univ.*, 89 F.4th 955, 959 (D.C. Cir. 2024) (reviewing a district court's denial of a motion to unseal and noting that Fed. R. Civ. P. 5.2 (d) gives "the court the option to order sealing of the entire document or the filing of a redacted version on the public docket"); *Mowery v. Nat'l Geospatial Intel. Agency*, No. 20-3170, 2020 WL 12979021, at *1 (D.D.C. Nov. 3, 2020) (denying Plaintiff's motion to seal limited portions of his Complaint when the requested relief was based on unexplained assertions and noting that the Federal Rules of

Permitting Defendants to rely on the fact that they never followed the appropriate procedure to proffer a redacted document to the Court would reward their actions and invite future litigants to embrace a "redact first, justify later" approach when submitting filings to the Court they have unilaterally decided should be shielded from the public's view. Not only does this argument create perverse incentives, it improperly flips Defendants' burden to prevent access to traditionally public records.

In urging this Court to permit such an approach, Defendants rely on (1) the dangerous suggestion that a prospective intervenor waives its right to assert a common law right of access to make judicial records public when it has submitted a FOIA request unrelated to the litigation in which it seeks to intervene, (2) an impermissibly narrow interpretation of what qualifies as a "judicial record," and (3) conclusory references to law enforcement privileges and exemptions that fall far short of meeting Defendants' burden to overcome American Oversight's right of common law public access. The Court should reject these arguments.

*First*, the Court should reject any suggestion by Defendants that American Oversight's Motion to Intervene is not proper because it has filed FOIA requests seeking documents including the MOU and Implementation Agreement. *See* Defs.' Opp. Mot. Intervene ("Opp."), ECF No. 63 at 5-6. As Defendants correctly note, "FOIA does not restrict this Court from releasing the three documents at issue," *id.* at 5, and that should end the matter. Any argument that American Oversight should establish "why the FOIA process should be circumvented" in order to seek its requested relief flies in the face of D.C. Circuit precedent and, if adopted by this Court, would mean that any member of the public would waive an important common law right of access merely

---

Civil Procedure "describe circumstances where filings may be redacted and access to public filings may be limited.").

because it exercised an unrelated statutory right elsewhere. In *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 672 (D.C. Cir. 2017), the D.C. Circuit rejected the argument that the ability to seek information through FOIA negates the right to seek access through a motion to unseal, noting that "FOIA applies solely to information in the hands of executive agencies and expressly excludes federal courts from its domain," and that it is "therefore clear that [FOIA] was not intended to restrict the federal courts." Furthermore, besides the MOU, American Oversight's motion here also seeks to unseal the parties' briefs, which may contain additional information not found in the MOU, which are *not* subject to FOIA, but which *do* constitute judicial records. American Oversight referenced its FOIA requests in its memorandum supporting its Motion to Intervene merely to underscore its interest in the proceedings and the redacted documents. The Court should reject Defendants' invitation to preclude American Oversight from asserting a separate common law right because it availed itself of FOIA outside of these proceedings.[2]

*Second*, Defendants take too narrow a view of what qualifies as a judicial record subject to the common law right of access. Opp., ECF No. 63 at 1-2. Defendants cite to *Security Exchange Commission v. American International Group* for the proposition that "[a] document that is not considered by the court when making its judgment is not a judicial record." Opp., ECF No. 63 at 1. However, that readily-distinguishable case involved reports prepared by an independent consultant for a company charged with securities violations pursuant to a consent decree, following the court's entry of the decree. *See S.E.C. v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). In finding that the reports were "not judicial records subject to the right of access because the district

---

[2] Defendants also state, without support, that American Oversight's interests are adequately represented by Plaintiffs. *See* Opp., ECF No. 63 at 1. This is not the case. While Plaintiffs do not oppose American Oversight's requested relief, they are also bound by a protective order in this case and have not affirmatively moved to make available to the public the redacted information in the MOU or other judicial documents since the entry of that order.

3

court made no decisions about them or that otherwise relief on them," the D.C. Circuit noted that not only were the reports not in custody of the district, the records *did not even exist* at the time the Court entered the consent decree and therefore the reports' contents could not have been considered by the Court. *See id.* at 3-4.

The records here stand on entirely different footing. At least two redacted versions of the MOU were filed with the Court in connection with and before a ruling on a motion before the Court. ECF Nos. 30-1, Ex. 1 and 38-1. An unredacted version was submitted to the Court at the April 16, 2025 hearing for the same purpose, but does not appear publicly on the docket. Opp., ECF No. 63 n. 1. The redacted information in Plaintiffs' Supplemental Memorandum and Defendants' Reply was submitted for the Court's consideration of Plaintiffs' Motion for Preliminary Injunction, ECF Nos. 48 and 60, and relates to the unredacted MOU, Opp., ECF No. 63 at 5 (noting references to redacted language in the MOU in the parties' briefs). Documents submitted to the Court are judicial records if they were "intended to influence" the Court. In *Metlife,* the D.C. Circuit held that briefs and an appendix filed before the district court's decision were judicial records because they were "intended to influence" the court, noting the court "certainly 'made decisions about them,'" and that the absence of citations to or quotations from them did not mean the court did not rely on the documents in adjudicating the matter. 865 F.3d at 668. That is clearly the case here, where the documents were submitted in connection with active proceedings to inform the Court's resolution of matters pending before it, the Court knows the content of at least *some* of the redactions via references to the unredacted MOU in parties' filings, *id*., and has access to the full unredacted MOU, which the Defendants voluntarily submitted to the Court at the April 16, 2025 hearing. The Court should reject Defendants' specious interpretation of precedent and conclude that the documents in question are judicial records.

*Third*, Defendants have not met their burden of demonstrating that any portion of the judicial records in the case should not be made publicly available, and their shifting and conclusory arguments to justify redacting information in documents during this case's proceeding should not be afforded deference. Only in their Opposition to Plaintiff's Motion to Intervene did Defendants first argue that redaction is warranted because of the government's "strong privacy interests in protecting the information ICE seeks from the IRS"—an interest they fail to further describe. ECF No. 63 at 4. And they gesture to the "possibility of prejudice to ICE's investigation if the limited redacted information is made public." *Id.*[3] However, the cases Defendants cite in support of these points actually weaken their arguments against disclosure. *See* Opp., ECF No. 63 at 4. In those cases, examining law enforcement privilege and law enforcement exemptions under FOIA, courts either (1) engaged in a thorough *in camera* review of at-issue material to determine whether the government could meet its burden to withhold information from the public, or (2) without substantive justifications from the government, determined that the information should be made public. For example, in *Kusuma Nio v. United States Dep't of Homeland Sec.*, 314 F. Supp. 3d 238, 243-44 (D.D.C. 2018), the Court thoroughly reviewed documents and a privilege log *in camera* and established that the disclosure of internal network links in the documents could risk comprising government systems. Likewise, in *United States v. Landano*, 508 U.S. 165 (1993), the Supreme Court held that the government was not entitled to a blanket presumption that a source is

---

[3] Defendants' references to "ICE's investigations and law enforcement practices" appear to reference considerations undertaken in the application of FOIA's law enforcement exemptions. *See* 5 U.S.C. § 552(b)(7). But the MOU likely would not be exempt under FOIA. The relevant statutory provision exempts "techniques and procedures" for law enforcement investigations if they "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Critically, the information will not reveal the strategic thinking or objectives of the agencies; instead, the redacted content "describe[s] the specific information ICE is requesting from the IRS." *See* Coenen Decl. ¶ 6, ECF No. 38-1.

confidential within the meaning of FOIA, noting that considerations of fairness counsel against a rule that is in practice all but irrebuttable. *See id*. at 176-77. In other words, these cases underscore the premise that courts cannot permit continued withholding of judicial records without a detailed review of the records themselves or a meaningful, non-conclusory justification by the party seeking to seal.

Defendants further argue that revealing the redacted information in the MOU will compromise the government in "future litigation" because its "law enforcement practices will be revealed," Opp., ECF No. 63 at 4-5. But this unsupported conclusory statement is also unavailing. To the extent one of the "law enforcement practices" Defendants are concerned about is inter-agency data-sharing, the existence of the MOU itself demonstrates that the IRS intends to share with ICE information submitted by taxpayers. As for the categories of taxpayer-submitted information to be shared, while they are of interest to American Oversight and the public, their disclosure would be unlikely to reveal any particular confidential, non-public law enforcement techniques or strategies that courts have determined can be withheld. For example, disclosure of such basic categories of information is unlike the case in *Mayer Brown LLP v. I.R.S.*, where a FOIA requestor sought "settlement strategies and objectives, assessments of litigating hazards, [and] acceptable ranges of percentages for settlement." 562 F. 3d 1190, 1192 (D.C. Cir. 2009) (internal citations omitted). The D.C. Circuit cautioned that disclosure of this information could risk circumvention of the law, as "particularly crafty evaders could plan their behavior," because they would "learn when the agency is likely to seek enforcement." *Id.* at 1195. But here, there is no

great surprise in the technique or strategy of how the IRS gathers this information: taxpayers elect to proactively provide it via their tax returns.[4]

And Defendants' own shifting view on what requires redaction underscores why the Court should not defer to their judgment on that question. After Plaintiffs filed a Motion to Compel seeking the unredacted MOU, Defendants filed with the Court an updated MOU with significantly fewer redactions than the first version they filed. *Compare* ECF No. 30-1 *with* ECF No. 38-1. Defendants further sought to seal from the public their *entire* reply to Plaintiffs' Supplemental Memorandum, ECF No. 50; after the Court ordered Defendants to file a redacted brief instead, Defendants redacted only portions of five sentences from a seven-page filing. *See* Defs.' Reply Pls.' Supp. Br., ECF No. 60. Now, after continually and unilaterally choosing what information should or should not be available to the public, Defendants argue that the remaining information unavailable to the public is information that truly warrants sealing or redaction with little to offer in the way of specific justification. The Court should reject Defendants' unsubstantiated arguments.

Defendants have failed to meet the burden to demonstrate that the redacted information should not be made public, and this Court should not give unearned deference to Defendants' shifting, conclusory arguments against disclosure. Instead, this Court should grant American Oversight's Motion to Intervene for Access to Judicial Documents, set aside any previous orders

---

[4] Defendants also mischaracterize the relevance of their own objection to releasing redacted information. *See* ECF No. 63 at 4. "[W]here, as here, the only party to object is the defendant, courts in this district have concluded that this factor weighs in favor of disclosure." *ICC Evaluation Serv., LLC v Int'l Ass'n of Plumbing & Mech. Offs., Inc.*, No. 1:16-cv-00054, 2022 WL 2785985, at *6 (D.D.C. July 15, 2022) (cleaned up)). *See also United States v. Jackson*, No. 21-cr-115, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021) (fact that "[t]he only party to object here is the defendant, not any third party, favors disclosure"). The inquiry into whether anyone objects "tends to favor sealing when a *third party* is lodging the objection to disclosure." *ICC Evaluation Serv.*, 2022 WL 2785985, at *6 (emphasis added).

authorizing parties to file briefs or documents under seal, and make publicly available all sealed or redacted information in judicial records in this case.

| | |
|---|---|
| Dated: May 7, 2025 | Respectfully submitted,<br><br>*/s/ Daniel Martinez*<br>Daniel Martinez<br>D.C. Bar No. 90025922<br>Loree Stark<br>D.C. Bar No. 90021926<br>AMERICAN OVERSIGHT<br>1030 15th Street NW, B255<br>Washington, DC 20005<br>(202) 897-2465<br>danny.martinez@americanoversight.org<br>loree.stark@americanoversight.org<br><br>*Counsel for Prospective Intervenor American Oversight* |