APPEAL,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00677–DLF</u>
### *Internal Use Only*

CENTRO DE TRABAJADORES UNIDOS et al v. BESSENT et al
Assigned to: Judge Dabney L. Friedrich
Cause: 05:0706 Judicial Review of Agency Actions

Date Filed: 03/07/2025
Jury Demand: None
Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **CENTRO DE TRABAJADORES UNIDOS** | represented by | **Alan Butler Morrison** |

GEORGE WASHINGTON UNIVERSITY LAW SCHOOL
2000 H Street NW
Washington, DC 20052
202–994–7120
Email: abmorrison@law.gwu.edu
*ATTORNEY TO BE NOTICED*

**Kevin Herrera**
RAISE THE FLOOR ALLIANCE
1 N LaSalle
Suite 1275
Chicago, IL 60602
312–795–9115
Email: kherrera@raisethefflooralliance.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Haile Birhanu**
RAISE THE FLOOR ALLIANCE
Legal Department
1 N LaSalle Street
Suite 1275
Chicago, IL 60602
312–795–9115
Email: mbirhanu@raisethefflooralliance.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael T. Kirkpatrick**
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
(202) 588–7728
Fax: (202) 588–7795

1

Email: mkirkpatrick@citizen.org
*ATTORNEY TO BE NOTICED*

**Nandan M. Joshi**
PUBLIC CITIZEN
Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588–7733
Email: njoshi@citizen.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**IMMIGRANT SOLIDARITY**
**DUPAGE**

represented by **Alan Butler Morrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Herrera**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Haile Birhanu**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael T. Kirkpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nandan M. Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SOMOS UN PUEBLO UNIDO**

represented by **Alan Butler Morrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Herrera**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Haile Birhanu**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael T. Kirkpatrick**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Nandan M. Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**INCLUSIVE ACTION FOR THE CITY**              represented by   **Alan Butler Morrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Herrera**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Haile Birhanu**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael T. Kirkpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nandan M. Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SCOTT BESSENT**
*in his capacity as Secretary of the Treasury*                 represented by   **Joseph A. Sergi**
U.S. DEPARTMENT OF JUSTICE
555 4th Street, NW
Suite 7207
Washington, DC 20001
(202) 305–0868
Fax: 202–331–2032
Email: joseph.a.sergi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Weisberg**
DOJ–Tax
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044
202–616–3884
Email: andrew.j.weisberg@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Defendant**

**INTERNAL REVENUE SERVICE**                 represented by  **Joseph A. Sergi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Weisberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MELANIE KRAUSE**                           represented by  **Joseph A. Sergi**
*in her capacity as acting Commissioner*                    (See above for address)
*of Internal Revenue*                                       *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Weisberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KRISTI NOEM**                              represented by  **Joseph A. Sergi**
*in her official capacity of Secretary of*                  U.S. DEPARTMENT OF JUSTICE
*Homeland Security*                                         Tax Division
555 4th Street, NW
Suite 7207
Washington, DC 20001
(202) 305–0868
Fax: 202–331–2032
Email: joseph.a.sergi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Weisberg**
DOJ–Tax
Tax Division, Civil Trial Section, Southern
Region
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044
202–616–3884
Email: andrew.j.weisberg@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**TODD LYONS**                               represented by  **Joseph A. Sergi**
*in his official capacity as acting Director*               (See above for address)
*of ICE*                                                    *LEAD ATTORNEY*

4

*ATTORNEY TO BE NOTICED*

**Andrew Joseph Weisberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF HOMELAND SECURITY**

represented by **Joseph A. Sergi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Weisberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. IMMIGRATION AND CUSTOM ENFORCEMENT**

represented by **Joseph A. Sergi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Weisberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**AMERICAN OVERSIGHT**

represented by **Daniel Havlir Martinez**
AMERICAN OVERSIGHT
1030 15th Street, NW
Suite B255
Washington, DC 20005
202–897–2465
Email: danny.martinez@americanoversight.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Loree Stark**
AMERICAN OVERSIGHT
1030 15th Street NW
Suite B255
Washington, DC 20005
914–393–4614
Email: loree.stark@americanoversight.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**CAMBRIDGE ECONOMIC OPPORTUNITY COMMITTEE**

represented by **Joshua A. Rosenthal**
ASIAN LAW CAUCUS

55 Columbus Ave
San Francisco, CA 94111
330–607–0730
Email: joshr@asianlawcaucus.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**COMMUNITY ECONOMIC**          represented by    **Joshua A. Rosenthal**
**DEVELOPMENT CENTER OF**                        (See above for address)
**SOUTHEASTERN**                                 *LEAD ATTORNEY*
**MASSACHUSETTS**                                *ATTORNEY TO BE NOTICED*

**Amicus**

**MEMBERS OF CONGRESS**          represented by    **Leah Marie Nicholls**
                                                  PUBLIC JUSTICE, P.C.
                                                  1620 L Street NW
                                                  Suite 630
                                                  Washington, DC 20036
                                                  202–797–8600
                                                  Email: lnicholls@publicjustice.net
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2025 | 1 | COMPLAINT against All Plaintiffs */Defendants* ( Filing fee $ 405 receipt number ADCDC–11525781) filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE. (Attachments: # 1 Civil Cover Sheet, # 2 Summons USA, # 3 Summons AG, # 4 Summons Bessent, # 5 Summons IRS, # 6 Summons Krause)(Joshi, Nandan) (Entered: 03/07/2025) |
| 03/07/2025 | 2 | NOTICE of Appearance by Michael T. Kirkpatrick on behalf of All Plaintiffs (Kirkpatrick, Michael) (Entered: 03/07/2025) |
| 03/07/2025 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CENTRO DE TRABAJADORES UNIDOS (Joshi, Nandan) (Entered: 03/07/2025) |
| 03/07/2025 | 4 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by IMMIGRANT SOLIDARITY DUPAGE (Joshi, Nandan) (Entered: 03/07/2025) |
| 03/07/2025 |  | Case Assigned to Judge Dabney L. Friedrich. (zmtm) (Entered: 03/07/2025) |
| 03/07/2025 | 5 | SUMMONS (5) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 03/07/2025) |
| 03/07/2025 | 6 | STANDARD ORDER in Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on March 7, 2025 (lcdlf3) (Entered: 03/07/2025) |
| 03/07/2025 |  | MINUTE ORDER. In this action, the plaintiffs allege, among other things, that the Administration is violating the Administrative Procedure Act by directing the IRS to |

| | | |
|---|---|---|
| | | share confidential taxpayer data with DHS for purposes of immigration enforcement. *See Compl. generally*. They further allege that absent intervention by this Court, they will suffer material, irreparable harm. *Id.* at para. 33. If the plaintiffs intend to seek emergency relief, they shall promptly (1) notify the Court and the defendants and (2) consult with the defendants to propose a briefing schedule. So Ordered by Judge Dabney L. Friedrich on March 7, 2025 (lcdlf3). (lcch) (Entered: 03/07/2025) |
| 03/11/2025 | 7 | STATUS REPORT by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE. (Joshi, Nandan) (Entered: 03/11/2025) |
| 03/11/2025 | 8 | NOTICE of Appearance by Joseph A. Sergi on behalf of All Defendants (Sergi, Joseph) (Entered: 03/11/2025) |
| 03/11/2025 | 9 | NOTICE of Appearance by Andrew Joseph Weisberg on behalf of All Defendants (Weisberg, Andrew) (Entered: 03/11/2025) |
| 03/11/2025 | | MINUTE ORDER. Upon consideration of the plaintiff's 7 Status Report, the plaintiff shall file another status report on or before March 12, 2025. So Ordered by Judge Dabney L. Friedrich on March 11, 2025 (lcdlf3) (Entered: 03/11/2025) |
| 03/12/2025 | 10 | Joint STATUS REPORT by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, SCOTT BESSENT, INTERNAL REVENUE SERVICE, MELANIE KRAUSE. (Joshi, Nandan) (Entered: 03/12/2025) |
| 03/13/2025 | | MINUTE ORDER. Consistent with the parties' 10 Joint Status Report, the parties shall file a stipulated order on or before March 13, 2025, or the plaintiffs shall file a motion for a temporary restraining order on or before March 14, 2025. SO Ordered by Judge Dabney L. Friedrich on March 13, 2025 (lcdlf3) (Entered: 03/13/2025) |
| 03/14/2025 | 11 | MOTION for Temporary Restraining Order by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE. (Attachments: # 1 Memorandum in Support, # 2 Declaration CTU, # 3 Declaration ISD, # 4 Text of Proposed Order)(Joshi, Nandan) (Entered: 03/14/2025) |
| 03/14/2025 | | MINUTE ORDER directing the defendant to file a response to the 11 Motion for a Temporary Restraining Order on or before March 17, 2025. The plaintiff's reply shall be due on or before March 18, 2025. The Court will hold a hearing on March 19, 2025 at 2:30 p.m. in Courtroom 24A. So Ordered by Judge Dabney L. Friedrich on March 14, 2025 (lcdlf3) (Entered: 03/14/2025) |
| 03/17/2025 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/7/2025. Answer due for ALL FEDERAL DEFENDANTS by 5/6/2025. (Joshi, Nandan) (Entered: 03/17/2025) |
| 03/17/2025 | 13 | RESPONSE re 11 MOTION for Temporary Restraining Order filed by SCOTT BESSENT, INTERNAL REVENUE SERVICE, MELANIE KRAUSE. (Attachments: # 1 Exhibit A – Declaration of Kathleen Walters)(Weisberg, Andrew) (Entered: 03/17/2025) |
| 03/17/2025 | 14 | MOTION to Dismiss by SCOTT BESSENT, INTERNAL REVENUE SERVICE, MELANIE KRAUSE. (Attachments: # 1 Exhibit A – Declaration of Kathleen Walters)(Weisberg, Andrew) (Entered: 03/17/2025) |
| 03/18/2025 | 15 | REPLY to opposition to motion re 11 Motion for TRO filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Declaration of Jane Doe)(Kirkpatrick, Michael) (Entered: 03/18/2025) |
| 03/19/2025 | | NOTICE OF COURTROOM CHANGE: The Motion Hearing set for 3/19/2025 at 2:30 PM will now be held in Courtroom 25A (In Person) before Judge Dabney L. Friedrich. (smc) (Entered: 03/19/2025) |
| 03/19/2025 | | Minute Entry for Motion Hearing held on 3/19/2025 before Judge Dabney L. Friedrich: re 11 MOTION for Temporary Restraining Order. Oral Arguments heard and DENIED. Plaintiff's response to 14 Motion to Dismiss due two weeks from filing date of motion and Defendant's reply due one week from filing of response. Court Reporter: Sara Wick. (zsmc) (Entered: 03/19/2025) |
| 03/20/2025 | 16 | ORDER on the 11 Motion for Temporary Restraining Order. See text for details. Signed by Judge Dabney L. Friedrich on March 20, 2025 (lcdlf3) (Entered: 03/20/2025) |
| 03/26/2025 | 17 | AMENDED COMPLAINT against All Defendants filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, SOMOS UN PUEBLO UNIDO, INCLUSIVE ACTION FOR THE CITY. (Attachments: # 1 Appendix Redlined required by standard order, # 2 Summons USAO–DC, # 3 Summons AG, # 4 Summons DHS, # 5 Summons Noem, # 6 Summons ICE, # 7 Summons Lyons)(Joshi, Nandan) (Entered: 03/26/2025) |
| 03/26/2025 | 18 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 3/21/2025. (Joshi, Nandan) Modified on 3/26/2025 to correct date served (zjm). (Entered: 03/26/2025) |
| 03/26/2025 | 19 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SCOTT BESSENT served on 3/21/2025 (Joshi, Nandan) Modified on 3/26/2025 to correct date served (zjm). (Entered: 03/26/2025) |
| 03/26/2025 | 20 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. INTERNAL REVENUE SERVICE served on 3/20/2025 (Joshi, Nandan) Modified on 3/26/2025 to correct date served (zjm). (Entered: 03/26/2025) |
| 03/26/2025 | 21 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MELANIE KRAUSE served on 3/20/2025 (Joshi, Nandan) (Entered: 03/26/2025) |
| 03/26/2025 | 22 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SOMOS UN PUEBLO UNIDO (Joshi, Nandan) (Entered: 03/26/2025) |
| 03/26/2025 | 23 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by INCLUSIVE ACTION FOR THE CITY (Joshi, Nandan) (Entered: 03/26/2025) |
| 03/26/2025 | 24 | NOTICE of Appearance by Michael T. Kirkpatrick on behalf of SOMOS UN PUEBLO UNIDO, INCLUSIVE ACTION FOR THE CITY (Kirkpatrick, Michael) (Entered: 03/26/2025) |
| 03/27/2025 | 25 | NOTICE of Appearance by Alan Butler Morrison on behalf of All Plaintiffs (Morrison, Alan) (Entered: 03/27/2025) |
| 03/27/2025 | 26 | SUMMONS (4) Issued Electronically as to DEPARTMENT OF HOMELAND SECURITY, TODD LYONS, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (mg) (Main Document 26 replaced on 3/31/2025) (mg). Modified |

| | | |
|---|---|---|
| | | docket text on 3/31/2025 (mg). (Entered: 03/27/2025) |
| 03/27/2025 | 29 | SUMMONS (2) Reissued Electronically as to U.S. Attorney and U.S. Attorney General (mg) (Entered: 03/31/2025) |
| 03/30/2025 | 27 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/27/2025. Answer due for ALL FEDERAL DEFENDANTS by 5/26/2025. (Joshi, Nandan) (Entered: 03/30/2025) |
| 03/31/2025 | 28 | MOTION for Preliminary Injunction by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, SOMOS UN PUEBLO UNIDO, INCLUSIVE ACTION FOR THE CITY. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Text of Proposed Order)(Joshi, Nandan) (Entered: 03/31/2025) |
| 03/31/2025 | | NOTICE of Hearing: Preliminary Injunction Hearing set for 4/16/2025 at 10:30 AM in Courtroom 24A (In Person) before Judge Dabney L. Friedrich. (smc) (Entered: 03/31/2025) |
| 04/01/2025 | | MINUTE ORDER directing the defendants to respond to the plaintiffs' 28 Motion for Preliminary Injunction on or before April 7, 2025. The plaintiffs' reply shall be due on or before April 10, 2025. So ordered by Judge Dabney L. Friedrich on April 1, 2025 (lcdlf3) (Entered: 04/01/2025) |
| 04/07/2025 | 30 | RESPONSE re 28 MOTION for Preliminary Injunction filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A – Declaration of Kathleen Evey Walters, # 2 Text of Proposed Order)(Weisberg, Andrew) (Entered: 04/07/2025) |
| 04/07/2025 | 31 | MOTION to Dismiss *Amended Complaint* by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A – Declaration of Kathleen Evey Walters, # 2 Text of Proposed Order)(Weisberg, Andrew) (Entered: 04/07/2025) |
| 04/10/2025 | 32 | REPLY to opposition to motion re 28 Motion for Preliminary Injunction, filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Joshi, Nandan) (Entered: 04/10/2025) |
| 04/10/2025 | 33 | MOTION to Compel *Production of Unredacted Exhibit* by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Attachments: # 1 Text of Proposed Order)(Joshi, Nandan) (Entered: 04/10/2025) |
| 04/10/2025 | | MINUTE ORDER directing the defendants to respond to the plaintiff's 33 Motion to Compel by 10:00 a.m. on April 14, 2025. So ordered by Judge Dabney L. Friedrich on April 10, 2025 (lcdlf3) (Entered: 04/10/2025) |
| 04/11/2025 | 34 | TRANSCRIPT OF MOTION HEARING before Judge Dabney L. Friedrich held on 03/19/2025. Page Numbers: 1–37. Date of Issuance: 04/11/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form |

|  |  | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/2/2025. Redacted Transcript Deadline set for 5/12/2025. Release of Transcript Restriction set for 7/10/2025.(Wick, Sara) (Entered: 04/11/2025) |
|---|---|---|
| 04/11/2025 | 35 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 4/4/2025., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF HOMELAND SECURITY served on 4/3/2025; TODD LYONS served on 4/3/2025; KRISTI NOEM served on 4/3/2025; U.S. IMMIGRATION AND CUSTOM ENFORCEMENT served on 4/3/2025 (Attachments: # 1 Supplement DHS, # 2 Supplement ICE, # 3 Supplement Lyons, # 4 Supplement Noem)(Joshi, Nandan) (Entered: 04/11/2025) |
| 04/14/2025 | 36 | Unopposed MOTION for Extension of Time to File Response/Reply as to 33 MOTION to Compel *Production of Unredacted Exhibit* by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Sergi, Joseph) (Entered: 04/14/2025) |
| 04/14/2025 |  | MINUTE ORDER granting the defendants' unopposed 36 Motion for one hour extension of time. So ordered by Judge Dabney L. Friedrich on April 14, 2025 (lcdlf3) (Entered: 04/14/2025) |
| 04/14/2025 | 37 | ENTERED IN ERROR.....RESPONSE re 33 MOTION to Compel *Production of Unredacted Exhibit* filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Declaration Kevin F. Coenen)(Sergi, Joseph) Modified on 4/14/2025; refiled as docket entry 38 (zdp). (Entered: 04/14/2025) |
| 04/14/2025 | 38 | RESPONSE re 33 MOTION to Compel *Production of Unredacted Exhibit CORRECTED TO INCLUDE MOU* filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Declaration Kevin F. Coenen)(Sergi, Joseph) (Entered: 04/14/2025) |
| 04/14/2025 |  | MINUTE ORDER directing the plaintiffs to file any reply to the government's 38 Response to the 33 Motion to Compel on or before 11:30 a.m. on April 15, 2025. So ordered by Judge Dabney L. Friedrich on April 14, 2025 (lcdlf3) (Entered: 04/14/2025) |
| 04/15/2025 | 39 |  |

| | | REPLY to opposition to motion re 33 Motion to Compel filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Joshi, Nandan) (Entered: 04/15/2025) |
|---|---|---|
| 04/15/2025 | 40 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kevin L. Herrera, Filing fee $ 100, receipt number ADCDC–11616042. Fee Status: Fee Paid. by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Attachments: # 1 Declaration for Pro Hac Vice Admission, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Kirkpatrick, Michael) (Entered: 04/15/2025) |
| 04/15/2025 | 41 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Mark H. Birhanu, Filing fee $ 100, receipt number ADCDC–11616094. Fee Status: Fee Paid. by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Attachments: # 1 Declaration for Pro Hac Vice Admission, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Kirkpatrick, Michael) (Entered: 04/15/2025) |
| 04/15/2025 | | MINUTE ORDER granting the plaintiffs' 40 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ordered by Judge Dabney L. Friedrich on April 15, 2025 (lcdlf3) (Entered: 04/15/2025) |
| 04/15/2025 | | MINUTE ORDER granting the plaintiffs' 41 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ordered by Judge Dabney L. Friedrich on April 15, 2025 (lcdlf3) (Entered: 04/15/2025) |
| 04/15/2025 | 42 | NOTICE of Appearance by Kevin Herrera on behalf of All Plaintiffs (Herrera, Kevin) (Entered: 04/15/2025) |
| 04/16/2025 | | Minute Entry for Preliminary Injunction Hearing held on 4/16/2025 before Judge Dabney L. Friedrich: Oral arguments heard on Plaintiffs' 28 Motion for Preliminary Injunction and TAKEN UNDER ADVISEMENT. Plaintiffs' Supplemental Materials due 4/23/2025. Defendants' Response due 4/28/2025. Court Reporter: Sara Wick. (zljn) (Entered: 04/16/2025) |
| 04/21/2025 | 43 | NOTICE of Appearance by Mark Haile Birhanu on behalf of All Plaintiffs (Birhanu, Mark) (Entered: 04/21/2025) |
| 04/21/2025 | 44 | Joint MOTION for Protective Order by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Weisberg, Andrew) (Entered: 04/21/2025) |
| 04/21/2025 | 45 | Memorandum in opposition to re 31 Motion to Dismiss, filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Kirkpatrick, Michael) (Entered: 04/21/2025) |
| 04/21/2025 | 46 | ORDER granting the parties' 44 Joint Motion for Protective Order. See text for details. Signed by Judge Dabney L. Friedrich on April 21, 2025 (lcdlf3) (Main Document 46 replaced on 4/22/2025) (zsmc). (Entered: 04/21/2025) |

| 04/23/2025 | 47 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Joshi, Nandan) (Entered: 04/23/2025) |
| --- | --- | --- |
| 04/23/2025 | 48 | SUPPLEMENTAL MEMORANDUM to re 28 MOTION for Preliminary Injunction *REDACTED* filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Joshi, Nandan) (Entered: 04/23/2025) |
| 04/28/2025 | 49 | REPLY to opposition to motion re 31 Motion to Dismiss, filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A – Declaration of John J. Walker)(Weisberg, Andrew) (Entered: 04/28/2025) |
| 04/28/2025 | 50 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A – United States' Response to Plaintiffs' Supplemental Brief, # 2 Text of Proposed Order)(Weisberg, Andrew) (Entered: 04/28/2025) |
| 04/29/2025 | | MINUTE ORDER granting the parties' 47 50 Motion for Leave to File under Seal. The plaintiffs' [47−1] Memorandum and the United States' [50−1] Response shall remain under seal. So ordered by Judge Dabney L. Friedrich on April 29, 2025 (lcdlf3) (Entered: 04/29/2025) |
| 04/29/2025 | 51 | SEALED SUPPLEMENTAL MEMORANDUM filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. re 28 Motion for Preliminary Injunction,. (This document is SEALED and only available to authorized persons.)(zdp) (Entered: 04/29/2025) |
| 04/29/2025 | 52 | SEALED RESPONSE filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. re 51 Sealed Document,. (This document is SEALED and only available to authorized persons.)(zdp) (Entered: 04/29/2025) |
| 04/29/2025 | 53 | Unopposed MOTION for Leave to File Amicus Brief by CAMBRIDGE ECONOMIC OPPORTUNITY COMMITTEE, COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS. (Attachments: # 1 Exhibit Proposed Amicus Brief)(Rosenthal, Joshua) (Entered: 04/29/2025) |
| 04/29/2025 | 54 | NOTICE of Appearance by Leah Marie Nicholls on behalf of MEMBERS OF CONGRESS (Nicholls, Leah) (Entered: 04/29/2025) |
| 04/29/2025 | 55 | Consent MOTION for Leave to File Amicus Brief by MEMBERS OF CONGRESS. (Nicholls, Leah) (Entered: 04/29/2025) |
| 04/30/2025 | 56 | NOTICE of Appearance by Joshua A. Rosenthal on behalf of CAMBRIDGE ECONOMIC OPPORTUNITY COMMITTEE, COMMUNITY ECONOMIC |

| | | |
|---|---|---|
| | | DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS (Rosenthal, Joshua) (Main Document 56 replaced on 4/30/2025) (zdp). (Entered: 04/30/2025) |
| 04/30/2025 | | MINUTE ORDER granting the unopposed 53 Motion for Leave to File Amicus Brief. The Clerk of Court is directed to file the [53−1] Amicus Brief on the docket. So Ordered by Judge Dabney L. Friedrich on April 30, 2025 (lcdlf3) (Entered: 04/30/2025) |
| 04/30/2025 | | MINUTE ORDER granting the consent 55 Motion for Leave to File Amicus Brief. The Clerk of Court is directed to file the 55 Amicus Brief on the docket. So Ordered by Judge Dabney L. Friedrich on April 30, 2025 (lcdlf3) (Entered: 04/30/2025) |
| 04/30/2025 | 57 | AMICUS BRIEF by CAMBRIDGE ECONOMIC OPPORTUNITY COMMITTEE, COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS. (zdp) (Entered: 04/30/2025) |
| 04/30/2025 | 58 | AMICUS BRIEF by MEMBERS OF CONGRESS. (zdp) (Entered: 04/30/2025) |
| 05/01/2025 | 59 | MOTION to Intervene *for Access to Judicial Documents* by AMERICAN OVERSIGHT. (Attachments: # 1 Memorandum in Support, # 2 Declaration Ex. A to Memo, # 3 7.1 Certificate of Corporate Disclosure)(Martinez, Daniel) (Entered: 05/01/2025) |
| 05/01/2025 | | MINUTE ORDER. In its April 29, 2025 Minute Order granting the parties' motions for leave to file under seal, the Court inadvertently neglected to instruct the defendants to file a redacted version of their brief on the docket. Accordingly, the defendants shall file a redacted version of their [50−1] Response to Plaintiffs' Supplemental Brief by the end of today, May 1, 2025. It is further ORDERED that the parties shall respond to the 59 Motion to Intervene on or before May 5, 2025. So ordered by Judge Dabney L. Friedrich on May 1, 2025 (lcdlf3) (Entered: 05/01/2025) |
| 05/01/2025 | 60 | RESPONSE re 48 Supplemental Memorandum *Redacted* filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Weisberg, Andrew) Modified docket text on 5/2/2025 (zdp). (Entered: 05/01/2025) |
| 05/05/2025 | 61 | RESPONSE re 59 MOTION to Intervene *for Access to Judicial Documents* filed by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. (Joshi, Nandan) (Entered: 05/05/2025) |
| 05/05/2025 | 62 | NOTICE of Appearance by Loree Stark on behalf of AMERICAN OVERSIGHT (Stark, Loree) (Entered: 05/05/2025) |
| 05/05/2025 | 63 | RESPONSE re 59 MOTION to Intervene *for Access to Judicial Documents* filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Weisberg, Andrew) (Entered: 05/05/2025) |
| 05/06/2025 | 64 | MOTION for Leave to File *Reply* by AMERICAN OVERSIGHT. (Attachments: # 1 Text of Proposed Order Proposed Order)(Stark, Loree) (Entered: 05/06/2025) |
| 05/06/2025 | | MINUTE ORDER granting the 64 Motion for Leave to File Reply. American Oversight shall file its reply on or before 2:00 p.m. on May 7, 2025. So ordered by |

| | | |
|---|---|---|
| | | Judge Dabney L. Friedrich on May 6, 2025 (lcdlf3) (Entered: 05/06/2025) |
| 05/07/2025 | 65 | REPLY to opposition to motion re 59 Motion to Intervene *for Access to Judicial Documents* filed by AMERICAN OVERSIGHT. (Attachments: # 1 Text of Proposed Order)(Martinez, Daniel) (Entered: 05/07/2025) |
| 05/07/2025 | 66 | RESPONSE re 57 Amicus Brief, 58 Amicus Brief filed by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Weisberg, Andrew) (Entered: 05/07/2025) |
| 05/12/2025 | | MINUTE ORDER. Upon consideration of American Oversight's 59 Motion to Intervene, and the parties' responses, see 63 (objecting to unsealing) and 61 (agreeing with American Oversight that the Memorandum of Understanding and the briefs should be unsealed), the Court will order that the Memorandum of Understanding (MOU) at issue be almost entirely unsealed and that the related briefs be unsealed in full.

There is a "strong presumption in favor of public access to judicial proceedings." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980), and the six Hubbard factors must "guide the inquiry into whether the presumption is overcome." *Abdelhady v. George Wash. Univ.*, 89 F.4th 955, 958 (D.C. Cir. 2024). Those factors, as outlined by the D.C. Circuit, are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *In re Leopold*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (cleaned up).

Applying the Hubbard factors here, the Court concludes that the balance of the interests favors disclosure of the briefs and virtually all of the MOU. The MOU is a central focus of this litigation, and the information contained in the redacted MOU has been widely discussed, including on the record in open court at the April 16, 2025 preliminary injunction motion hearing. Although the government objects to its full disclosure, it has not asserted a compelling interest or high risk of prejudice with disclosure of the MOU and briefs. The public need for access is high given that the MOU's content is essential to the claims raised by the plaintiffs and the Court's reasoning in its forthcoming opinion on the 28 Motion for a Preliminary Injunction. The Court will not order, however, that the IRS "points of contact" on page 13 of the MOU be unsealed. With respect to those lower level government employees, the Court concludes that their personal privacy interests outweigh any public need to access their names and contact information. *See Common Cause v. NRC*, 674 F.2d 921, 938 (D.C. Cir. 1982).

Given that the Court has largely granted the unsealing request of American Oversight and the plaintiff's 61 response, the Court DENIES American Oversight's 59 Motion to Intervene. It is further ORDERED that (1) the Clerk of Court shall unseal the following briefs: 51 52 ; (2) the defendants shall file on the public docket, on or before May 13, 2025 a less redacted version of the [31−1] Memorandum of Understanding, consistent with the Court's above instructions. So ordered by Judge Dabney L. Friedrich on May 12, 2025 (lcdlf3) (Entered: 05/12/2025) |

| 05/12/2025 | 67 | MEMORANDUM OPINION AND ORDER denying the plaintiffs' 28 Motion for Preliminary Injunction. See text for details. Signed by Judge Dabney L. Friedrich on May 12, 2025 (lcdlf3) (Entered: 05/12/2025) |
| 05/13/2025 | 68 | NOTICE *of Filing of MOU* by SCOTT BESSENT, DEPARTMENT OF HOMELAND SECURITY, INTERNAL REVENUE SERVICE, TODD LYONS, MELANIE KRAUSE, KRISTI NOEM, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order on Motion to Intervene,,,,,,,,,,, (Attachments: # 1 Exhibit A – MOU Between Treasury and DHS dated April 7, 2025)(Weisberg, Andrew) (Entered: 05/13/2025) |
| 05/14/2025 | | ENTERED IN ERROR.....MINUTE ORDER. Upon consideration of the parties' 18 Joint Status Report, it is ORDERED that the parties shall file another joint status report on or before June 12, 2025. It is further ORDERED that all deadlines continued to be stayed. So ordered by Judge Dabney L. Friedrich on May 14, 2025 (lcdlf3) Modified on 5/14/2025 (zsmc). (Entered: 05/14/2025) |
| 05/21/2025 | 69 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 67 Order on Motion for Preliminary Injunction by CENTRO DE TRABAJADORES UNIDOS, IMMIGRANT SOLIDARITY DUPAGE, INCLUSIVE ACTION FOR THE CITY, SOMOS UN PUEBLO UNIDO. Filing fee $ 605, receipt number ADCDC–11704864. Fee Status: Fee Paid. Parties have been notified. (Joshi, Nandan) (Entered: 05/21/2025) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Centro de Trabajadores Unidos, et al.,

    Plaintiffs,

    v.

Scott Bessent, in his official capacity as
Secretary of the Treasury, et al.,

    Defendants.

Civil Action No. 25-677 (DLF)

## NOTICE OF APPEAL

Notice is hereby given that all Plaintiffs appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Memorandum Opinion and Order denying Plaintiffs' Motion for Preliminary Injunction, entered in this action on May 12, 2025 (Dkt. 67).

Dated: May 21, 2025

Respectfully submitted,

/s/ Nandan M. Joshi

Kevin L. Herrera
   (admitted *pro hac vice*)
Mark H. Birhanu
   (admitted *pro hac vice*)
Raise the Floor Alliance
1 N. LaSalle Street, Suite 1275
Chicago, Illinois 60602
(312) 795-9115
kherrera@raisethefalloralliance.org

Nandan M. Joshi
   (DC Bar No. 456750)
Michael T. Kirkpatrick
   (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-7733
njoshi@citizen.org

Alan B. Morrison
   (DC Bar No. 073114)
George Washington Law School
2000 H Street, NW
Washington, DC 20052
(202) 994-7120
abmorrison@law.gwu.edu

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTRO DE TRABAJADORES UNIDOS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SCOTT BESSENT, *et al.*, <br><br> *Defendants.* | No. 25-cv-0677 (DLF) |

<u>**MEMORANDUM OPINION & ORDER**</u>

Plaintiffs Centro de Trabajadores Unidos, Immigrant Solidarity DuPage, Somos Un Pueblo Unido, and Inclusive Action for the City bring this action seeking declaratory and injunctive relief to prevent the Internal Revenue Service (IRS) from sharing personal tax information with the Department of Homeland Security (DHS) for immigration enforcement purposes.  Before the Court is the plaintiffs' Motion for Preliminary Injunction, Dkt. 28.  For the reasons that follow, the Court will deny the motion.

## I.    BACKGROUND

The Internal Revenue Code requires taxes to be paid on all income earned in the United States, regardless of the earner's status in the country.  Am. Compl. ¶ 39, Dkt. 17.  United States citizens file taxes using a Social Security Number.  *Id.* ¶ 40.  Noncitizens generally cannot obtain SSNs, so they typically register with the IRS to obtain an Individual Taxpayer Identification Number (ITIN).  *Id.* ¶ 41.  To do so, registrants must provide their full name, address, and other identifying information.  *Id.*  Under the tax code, those records are kept confidential and may not be shared outside the IRS, unless a particular statutory exception applies.  26 U.S.C. § 6103(a).

As relevant here, one such exception, § 6103(i)(2), allows the head of any federal agency to request tax return information to aid in investigating or preparing for a judicial or administrative proceeding to enforce designated criminal statutes. *Id.* § 6103(i)(2); Am. Compl. ¶ 48. The agency head must first submit the request in writing and must specifically identify the name and address of the taxpayer, the relevant taxable periods, the statutory basis for the enforcement proceeding, and the need for the disclosure. 26 U.S.C. § 6103(i)(2)(B).

The plaintiffs allege that DHS is seeking access to taxpayer information to identify, locate and remove illegal immigrants, in violation of § 6103. Am. Compl. ¶ 35. In support, the plaintiffs point to newspaper articles reporting that DHS requested that the IRS provide identifying records for at least 700,000 illegal immigrants. *Id.* ¶ 36. As alleged, that request was denied. *Id.* ¶ 37. But according to certain media outlets and other unnamed IRS sources, the acting IRS commissioner is "negotiating an agreement" with DHS and is "reportedly close to terms." *Id.* Under the terms of this agreement, as alleged, the IRS would unlawfully provide address information so that DHS can locate illegal immigrants for civil enforcement proceedings. Am. Compl. ¶ 55.

On April 7, 2025, the defendant agencies entered into a Memorandum of Understanding, Dkt. 38-1, which sets forth a process for exchanging information under 26 U.S.C. § 6103(i)(2). As the Memorandum provides, its purpose is to establish procedures enabling "requests for addresses of persons subject to *criminal* investigation." *Id.* § 3 (emphasis added). Consistent with § 6103(i)(2), the head of DHS must first submit a written request to the IRS that satisfies the statutory requirements necessary for disclosure, and only then can the IRS provide DHS with certain tax return information. Memorandum § 5(B) (requiring the IRS to "[r]eview each request

for completeness and validity and return to ICE any requests not meeting the requirements necessary for disclosure pursuant to IRC § 6103(i)(2)").

The plaintiffs are four nonprofit organizations representing the interests of immigrants. Centro de Trabajadores Unidos (Centro) and Immigrant Solidarity DuPage (Immigrant Solidarity) are located in Illinois and work to "build immigrant and worker power" and "advance the dignity of workers." *Id.* ¶¶ 10, 11. Somos Un Pueblo Unidos (Somos) is a Santa Fe, New Mexico nonprofit working to provide "education and legal support" to communities in New Mexico, including immigrant communities. *Id.* ¶ 12. Inclusive Action for the City (IAC) provides low-interest loans to entrepreneurs, including immigrants with ITINs. *Id.* ¶ 13. The plaintiffs seek to enjoin the IRS from disclosing tax information to DHS pursuant to the agencies' agreement. Pls.' Mot. at 2.

## II.    LEGAL STANDARDS

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). To prevail, a party seeking preliminary injunctive relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (citations and internal quotation marks omitted). Where a federal agency is the defendant, the last two factors merge. *See Am. Immigr. Council v. DHS*, 470 F. Supp. 3d 32, 36 (D.D.C. 2020).

## III.    ANALYSIS

The Court's analysis begins and ends with the likelihood of success on the merits. To succeed on the merits, "[a] plaintiff must show a likelihood of success encompass[ing] not only

substantive theories but also establishment of jurisdiction," including standing to sue. *Food &
Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (quoting *Mills v. D.C.*, 571 F.3d
1304, 1308 (D.C. Cir. 2009)).  "In the context of a preliminary injunction motion, [courts] require
the plaintiff to show a substantial likelihood of standing under the heightened standard for
evaluating a motion for summary judgment." *Elec. Priv. Info. Ctr. v. Presidential Advisory
Comm'n on Election Integrity,* 878 F.3d 371, 377 (D.C. Cir. 2017) (cleaned up).  The plaintiff
"bear[s] the burdens of production and persuasion." *Qualls v. Rumsfeld*, 357 F. Supp. 2d 274, 281
(D.D.C. 2005) (citing *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)).  A plaintiff's
"inability to establish a substantial likelihood of standing requires denial of the motion for
preliminary injunction." *Food & Water Watch*, 808 F.3d at 913.

## A.    Standing

To establish standing, a plaintiff must show: (1) an "injury in fact"; (2) a "causal connection
between the injury" and the challenged action; and (3) a likelihood that the "injury will be
redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)
(internal quotation marks omitted).  When an organization seeks to bring suit on behalf of its
members—that is, to assert associational standing—it must show that "(a) its members would
otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane
to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires
the participation of individual members in the lawsuit." *Hunt v. Wa. State Apple Advert. Comm'n*,
432 U.S. 333, 343 (1977).  An organization's members have standing to sue in their own right
when they can demonstrate that they would suffer an "injury in fact" that is "(a) concrete and
particularized" and "(b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at
560–61 (cleaned up).

4

Claims for declaratory or injunctive relief carry "a significantly more rigorous burden to establish standing." *Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235, 240 (D.C. Cir. 2015) (internal quotation marks omitted). That is because when "plaintiffs seek declaratory and injunctive relief, past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). Instead, a plaintiff must show an "ongoing injury" or "immediate threat of injury." *Id.*

Three of the plaintiff organizations—Centro, Immigrant Solidarity, and Somos—assert associational standing on behalf of their members. Rough Hr'g Tr. at 7. Because "a plaintiff must demonstrate standing for each claim he seeks to press," *Davis v. FEC*, 554 U.S. 724, 734 (2008), the plaintiffs must establish that each alleged injury is imminent. The plaintiffs allege that their members will be injured by (1) the IRS sharing address information with DHS, in violation of 26 U.S.C. § 6103; (2) DHS using the information for civil enforcement purposes; and (3) the IRS disrupting settled reliance interests without due consideration. Pls.' Mot. at 15, 17; Rough Hr'g Tr. at 10. To assess whether the plaintiffs have standing, the Court will assume that the IRS's decision to share address information violates § 6103. *Tanner-Brown v. Haaland*, 105 F.4th 437, 444–45 (D.C. Cir. 2024) (assuming for the standing analysis the legal merits of plaintiffs' alleged injury). For the reasons that follow, all three plaintiffs have associational standing to challenge whether the IRS acted arbitrarily and capriciously by entering into an information sharing agreement with DHS, as reflected in the Memorandum, and Somos has standing to challenge the lawfulness of the agreement.

### 1.    IRS Disclosure of Information

Unlike at the Temporary Restraining Order stage, Somos has established an imminent and particularized risk of injury based on its claim that the IRS is poised to share information with

DHS, in violation of 26 U.S.C. § 6103. The Court now has the benefit of the Memorandum which explicitly authorizes the sharing of certain tax return information for criminal immigration enforcement purposes. Memorandum § 1. Somos, an organization that represents the interests of immigrants, has submitted a declaration attesting that its members have provided information to the IRS and are currently subject to final removal orders, *see, e.g.*, Diaz Decl. ¶ 9, Ex. G, Dkt. 28-8.[1] This evidence establishes that the IRS and DHS intend to share taxpayer information and that this information is likely be used against Somos' members. This is a cognizable injury that is both traceable to the IRS's interpretation of § 6103 and redressable by a court decision prohibiting the IRS from interpreting the statute in the manner that is contemplated by the IRS's agreement with DHS. And it is not necessary that Somos' members participate in this lawsuit. *Hunt*, 432 U.S. at 343. Accordingly, Somos has established associational standing to challenge the information-sharing agreement, and the Court will reach the merits of its claim that the agreement is unlawful under § 6103.

2.    DHS Use of Information for Civil Immigration Enforcement Proceedings

The plaintiffs next claim that IRS disclosures will be used to "facilitate the *civil* enforcement of immigration laws," in violation of § 6103. Pls.' Mot. at 14 (emphasis added); Am. Compl. ¶¶ 63, 65. The Court agrees that requesting and receiving information for civil enforcement purposes would constitute a cognizable injury, but none of the organizations have established that such an injury is imminent. As the plaintiffs acknowledge, the Memorandum only allows sharing information for *criminal* investigations and "the terms on the page [of the

---

[1] By contrast, Centro and Immigrant Solidarity submitted declarations from members stating that they had provided information to the IRS, but not that they were subject to final removal orders. *See* Doe Decl. ¶ 5, Ex. I, Dkt. 28-10; Doe Decl. ¶¶ 3–6, Ex. J, Dkt. 28-11; Doe Decl. ¶ 5, Ex. H, Dkt. 28-9. Thus, they have not established that any member is likely to be imminently subject to the information-sharing agreement.

Memorandum] do appear to comply with the requirements" of § 6103(i)(2). Rough Hr'g Tr. at 12. Even so, they argue that it is not "plausible" that DHS has the resources to conduct individualized criminal investigations on the large numbers of immigrants it seeks to remove from the United States. *Id.* at 15. For support, they rely on a newspaper article that reports that DHS is seeking location information for 700,000 or alternatively seven million, illegal immigrants, Pls.' Mot. at 15; Reply at 5, Dkt. 32. Plaintiffs also point to Executive Order No. 14161, which directs agencies to take "immediate steps to identify, exclude, or remove aliens illegally present in the United States." Memorandum, §1(a) (citing 90 Fed. Reg. 8451 (Jan. 20, 2025)).

On this limited record, the Court cannot assume that DHS intends to use the shared information to facilitate civil rather than criminal proceedings. *Waite v. Macy*, 246 U.S. 606, 609 (1918). The language of the Memorandum is clear: It authorizes the sharing of information related to individuals who are "under criminal investigation for violations of one or more specifically designed Federal criminal statutes," Memorandum § 1(c), and it affirms that its specific purpose is to assist DHS in criminal investigations and proceedings, *id.* § 3. The government's representations at the hearing confirm this explicit understanding. Counsel for the government unequivocally assured the Court that if the IRS received a request from DHS for information to support a civil proceeding, the IRS would deny that request. *See, e.g.,* Rough Hr'g Tr. at 58. Counsel also confirmed that, should DHS decide to abort the criminal investigation and exclusively pursue deportation, DHS would not be allowed to rely on the information from the IRS and would have to return it. *Id.* at 61. At this stage, the plaintiffs have not established that it is likely that IRS disclosures will be used to "facilitate the civil enforcement of immigration laws," Pls' Mot. at 14, in violation of § 6103, and thus, they lack standing to raise this claim.

7

3.    Arbitrary and Capricious IRS Action

The plaintiffs do, however, have standing to pursue their claim that the IRS acted arbitrarily and capriciously in reversing its position on the sharing of tax information with DHS. The plaintiffs offer declarations that their members relied on the IRS's past assurances that tax information would not be shared for immigration enforcement purposes. *See, e.g.*, Doe Decl. ¶ 6, Ex. H; Doe Decl ¶ 6, Ex. I. These individuals now fear that they will be harmed for relying on those assurances and for filing their taxes as obligated. Ex. H ¶ 6; Ex. I ¶ 6–7. And if the IRS reverses course without properly considering their reliance interests, as they allege, the plaintiffs' members will suffer injury. This injury is both traceable to the IRS's change in position and redressable by a court order requiring the IRS to consider the plaintiff members' reliance interest before implementing the Memorandum. The Court therefore will proceed to the merits on the claim that the defendants acted arbitrarily and capriciously by changing their policy to permit information sharing between the IRS and DHS.

*                *                *

In sum, Centro, Immigrant Solidarity, and Somos have established standing to challenge the agencies' agreement to share information as arbitrary and capricious, and Somos alone has established standing to challenge the agreement as in excess of the IRS's statutory authority. The Court need not determine at this early stage whether IAC also has organizational standing to bring these claims. For the reasons stated above, all of the plaintiffs, including IAC, lack standing to pursue their claim that the agencies will share information for *civil* enforcement purposes, in violation of § 6103.

8

B.    Merits

Turning to the merits, the plaintiffs argue that the information sharing agreement between the IRS and DHS violates the Administrative Procedures Act in two ways—it is "not in accordance with law" and was entered into "arbitrarily" and "capriciously." 5 U.S.C. § 706(2)(A).[2] According to the plaintiffs, § 6103(i)(2) does not allow the IRS to disclose *only* address information to DHS, as the Memorandum provides. Pls.' Mot. at 14; Pls.' Suppl. Mem. at 3, Dkt. 48. The plaintiffs further argue that the Memorandum is arbitrary and capricious because it constitutes a change in policy and the agency failed to adequately consider the reliance interests of immigrant taxpayers or provide a reasoned explanation. Pls.' Mot. at 17–18.

The Court disagrees. Section 6103 mandates that the IRS disclose address information to DHS, if DHS complies with the statutory provision. Thus, the plaintiffs cannot show a likelihood of success on the merits.

1.    *Accordance with Law*

The Court begins, as it must, with the statutory text. Under § 6103(i)(2), the IRS can share limited tax return information with other agencies if the information may assist in criminal enforcement proceedings or any "investigation which may result in such a proceeding." 26 U.S.C. § 6103(i)(2)(A). To obtain information, the head of the federal agency conducting an investigation must first submit a written request to the Secretary of the Treasury identifying

> "(i) the name and address of the taxpayer with respect to whom the requested return information relates; (ii) the taxable period or periods to which such return information relates; (iii) the statutory authority under which the proceeding or investigation … is being

---

[2] The plaintiffs also raise non-statutory *ultra vires* claims. The Court need not address those claims because "if the plaintiff's claims would fail review under the APA," then those claims necessarily "could not succeed under" ultra vires review, which has an even "narrow[er] scope[.]" *Trudeau v. FTC*, 456 F.3d 178, 190 (D.C. Cir. 2006).

conducted; and (iv) the specific reason or reasons why such disclosure is, or may be, relevant to such proceeding or investigation."

*Id.* § 6103(i)(2)(B)(i)–(iv).  If the request meets those requirements, the IRS must comply with it.

*See* § 6103(i)(2)(A) (providing that the Secretary "shall disclose" the requested information).

Not all tax return information, however, can be disclosed under the statute.   Section 6103(i)(2) exempts "taxpayer return information" from disclosure under this provision.  *Id.* § 6103(i)(2)(A).  And a related provision defines taxpayer return information as return information filed "by or on behalf of the taxpayer to whom such return information relates."  *Id.* § 6103(b)(3). In other words, the IRS can disclose information it obtains itself (such as through audits), but not information it obtains exclusively from the taxpayer (such as a tax return filed by the taxpayer). Despite this broad prohibition on the disclosure of taxpayer return information, § 6103(i)(2)(C) allows one exception: "For purposes of this paragraph, a taxpayer's identity shall not be treated as taxpayer return information."  *Id.* § 6103(i)(2)(C).  A taxpayer's identity is further defined as the taxpayer's name, address, taxpayer identifying number, or some combination thereof.  *Id.* § 6103(b)(6).  To summarize, the IRS must disclose limited taxpayer identity information (e.g., the taxpayer's name and address) to assist another agency in criminal investigations and proceedings, if the agency has satisfied the statutory prerequisites in its written request.

The challenged Memorandum outlines the procedures that DHS and the IRS must follow when the agencies share information under 26 U.S.C. § 6103(i)(2)(B).  *See* Memorandum §§ 5– 6.  The Memorandum explicitly states that the IRS must first determine whether DHS's request meets the statutory requirements necessary for disclosure, and it can provide information only if it falls within an exception.  *Id*. § 5(B) (requiring the IRS to "[r]eview each request for completeness and validity and return to ICE any requests not meeting the requirements necessary for disclosure pursuant to IRC § 6103(i)(2)").  The Memorandum also explains that its purpose is to establish

procedures enabling "requests for addresses of persons subject to *criminal* investigation." *Id.* § 3 (emphasis added).

The plaintiffs concede that the statute requires the IRS to share certain return information with DHS for the purposes of enforcing identified criminal statutes, if DHS submits a proper request. Rough Tr. at 11; *see* 26 U.S.C. § 6103(i). Nonetheless, they contend that § 6103(i)(2) does not allow the IRS to provide *only* address information in response to a DHS request. Pls.' Mot. at 14; Rough Hr'g Tr. at 10. According to the plaintiffs, the provision authorizes the IRS to disclose a taxpayer's address only where other information relevant to a criminal investigation is sought. Pls.' Suppl. Mem. at 2.

The plaintiffs' reading of § 6103(i)(2) does not comport with the text of the statute. By its plain language, the statute mandates that the IRS share a taxpayer's name and address with another agency, as long as its request for information is complete and valid and "meets the requirements of [§ 6103(i)(2)(B)]." 26 U.S.C. § 6103(i)(2)(A). The Court cannot read additional restrictions into the statute's clear text.

Resisting this conclusion, the plaintiffs rely on two internal IRS publications that purportedly prohibit the IRS from releasing address information under this provision. *See* I.R.M. 11.3.28.5(4) (July 23, 2018) ("Requests for addresses only cannot be honored because IRC 6103(i)(2) requires that the requester provide an address.")[3]; IRS Publication No. 4639, *Disclosure & Privacy Law Reference Guide* at 5-4 (Oct. 2012 ed.) ("Requests under section 6103(i)(2) seeking only taxpayers' addresses do not comply with the section."). The meaning of this language is

---

[3] Presently, the Internal Revenue Manual discusses address-only requests in a different sub-section of the manual and uses different language than that cited by the plaintiffs. *See* I.R.M. 11.3.28.4(5) (Apr. 17, 2025) ("Requests for addresses only are invalid because IRC 6103(i)(2) requires that the requester provide an address").

unclear.  *See* Gov't's Reply at 7, Dkt. 49 (noting that the quoted statement from the Internal Revenue Manual "may well anticipate another agency's request that does not include the taxpayer's address as required by Section 6103(i)(2)(B)(i)" and the quoted statement from Publication 4639 "may presume the requester did not provide the address as the statute requires").  But even accepting the plaintiffs' interpretation of these internal IRS manuals, they cannot supplant the plain meaning of the statute.  For one, the manuals do not have the force of law.  *Marks v. Commissioner*, 947 F.2d 983, 986 n.1 (D.C. Cir 1989); IRS Publication No. 4639, at iii ("This guide was prepared for reference purposes only; it may not be used or cited as authority for setting or sustaining a legal position.").  For another, the Court is not obligated to defer to the IRS's interpretation of the statute.  *See Loper Bright Enters. v. Raimundo*, 603 U.S. 369, 400 (2024).  The Court instead must independently interpret the statute's plain meaning.  *Id.*  As explained above, the plain language of § 6103(i)(2) allows DHS to request address information as long as DHS first provides the taxpayer's name, address, and other requisite information in its written request.

The plaintiffs further argue that § 6103(i)(2) cannot be used to locate individuals because another provision of the statute, § 6103(i)(5) (the "fugitive" provision), provides the only mechanism for using tax records to locate individuals.  Pls.' Mot. at 14.  Although a statute's text should be interpreted in the context of the whole statute, *see* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012); Pls.' Motion at 14, § 6103(i)(5) serves an entirely different purpose than § 6103(i)(2).  It permits the Department of Justice to obtain vastly more information from the IRS—a taxpayer's tax return or taxpayer return information—as opposed to just a taxpayer's name and address.  But to obtain such extensive tax return information, the Department of Justice must first obtain a court order and a federal arrest

12

warrant for the fugitive.  *Id.* § 6103(i)(5)(B).  That the fugitive provision authorizes the IRS to release more extensive tax return information to the Department of Justice (assuming it meets the more onerous prerequisites in § 6103(i)(5)(B)) does not preclude the IRS from releasing a taxpayer's name and address to an agency (assuming it satisfies the much less demanding procedure set forth in § 6103(i)(2)).  These two statutory provisions establish separate information sharing mechanisms for different but potentially overlapping purposes.

The plaintiffs also invoke historical context—including earlier versions of the statute, legislative history, and other internal Treasury memoranda, to support their narrow interpretation of § 6103(i)(2).  *See generally* Pls.' Suppl. Mem. at 1–7.  But as explained, *supra* at 12, internal memoranda cannot override the plain meaning of the statute.  And "when a statute's language is plain on its face, courts do not ordinarily resort to legislative history." *Pub. Citizen, Inc. v. Rubber Mfrs. Ass'n*, 533 F.3d 810, 818 (D.C. Cir. 2008) (internal quotation marks omitted).  For the reasons stated, the text of § 6103(i)(2) is clear—the provision plainly exempts taxpayer address information from the general prohibition on sharing taxpayer return information and requires that information to be disclosed upon a valid written request.  As long as the agency has a name and an address for a taxpayer, it can request address and name information from the IRS to assist the requesting agency in a criminal investigation or proceeding, and the IRS must comply.

Although the plaintiffs do not argue that the government's interpretation of § 6103(i)(2) is absurd, *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1068 (D.C. Cir. 1998) (quoting *Holy Trinity Church v. United States*, 143 U.S. 457, 459–60 (1892)), they question its reasonableness.  Rough Hr'g Tr. at 22–24.  As they argued at the hearing, there would be no reason for an agency to request a taxpayer's address information from the IRS if the agency already had it.  *Id.*   But as the government explained, there are a number of reasons why such information could be helpful to

13

DHS.  For instance, if DHS is investigating an immigrant for remaining 90 days past a final removal order, a recent address could confirm that the immigrant did in fact overstay the order. *See* Rough Hr'g Tr. at 59; *see also* 8 U.S.C. § 1253(a)(1).  An address could also confirm that an individual re-entered the U.S.  *Id.* at 54, 60.  And if a final removal order was issued in absentia, DHS might send a notice letter to ensure that the immigrants was aware of the order.  *See* 8 U.S.C. § 1253(a)(1).

Putting aside the reasonableness of the agency's current interpretation of the statute, the Court's duty is to exercise independent judgment in determining its meaning.  *See Loper Bright*, 603 U.S. at 400.  Under the statute, the IRS must comply with an agency's request for information so long as the agency has complied with the statutory prerequisites.  Thus, even in the absence of the information sharing memorandum between the IRS and DHS, the IRS would be statutorily required to release requested information if DHS met the requirements of § 6103(i)(2).  Because the information sharing agreement is consistent with § 6103(i)(2), the plaintiffs cannot establish success on the merits of their APA challenge.

### 2.    *Arbitrary or Capricious*

The plaintiffs further claim that IRS acted arbitrarily and capriciously by changing its position on whether it can lawfully provide address information to DHS without considering the immigrant taxpayers' reliance interests.  Am. Compl. ¶ 69.  In support, the plaintiffs again rely on IRS guidance publications, IRM 11.3.28.5 and IRS Publication No. 4639, and similar public assurances in which the IRS stated that it lacked "authorization under this provision to share tax data with ICE."  Pls.' Mot. at 13 (citing Maria Sacchetti, *Undocumented and Paying Taxes, They Seek a Foothold in the American Dream*, Wash. Post. (Mar. 11, 2017), https://perma.cc/QU33-EYWM).

As noted, however, the IRS guidance documents can be read another way. *See supra* 11-12. On the government's reading, these internal memoranda do not categorically bar the IRS from sharing information with another agency so long as the agency first provides a taxpayer's name and address and satisfies the other statutory requirements, 26 U.S.C. § 6103(i)(2); Rough Hr'g Tr. at 47–48. The IRS's public statements similarly affirm that taxpayer information must be kept confidential and can only be disclosed under particular statutory conditions.[4]    Under this interpretation, the IRS has not reversed course.

But even assuming that the IRS has changed its position, this type of policy change is not actionable under the APA because the cited IRS manuals do not create binding rules. *See* 5 U.S.C. § 553(b)(A); *Syncor Int'l Corp. v. Shalala*, 127 F.3d 90, 93 (D.C. Cir. 1997). They are instead nonbinding policy statements that set out a procedure for information requests. *Id*. This is especially true here because § 6103(i)(2) does not give the IRS the discretion to turn down a lawful request for information. As the Court has found, § 6103(i)(2) allows DHS to obtain address information from the IRS, as long it first provides the IRS with the taxpayer's name and an address and satisfies the other statutory criteria. In such circumstances, the agency "*shall* disclose return information," 26 U.S.C. § 6103(i)(2)(A) (emphasis added), i.e., name and address information, *id.* § 6103(i)(2)(C), to the agency. Any substantive change under the challenged Memorandum thus stems not from the IRS's change in position but from the Administration's decision to use certain statutorily authorized tools to further criminal investigations. Because the plaintiffs have not established that the Memorandum constitutes a reviewable change in agency action under the

---

[4] The plaintiffs rely on a newspaper article quoting a statement from the IRS, Sacchetti, *Undocumented and Paying Taxes, They Seek a Foothold in the American Dream*, Wash. Post. (Mar. 11, 2017), but neither party has been able to locate or provide the underlying IRS report that the article references, *see* Rough Tr. at 46.

15

APA, they have not shown a substantial likelihood of success on their claim that the IRS acted arbitrarily and capriciously by reaching an agreement with DHS.

*      *      *

At its core, this case presents a narrow legal issue: Does the Memorandum of Understanding between the IRS and DHS violate the Internal Revenue Code?  It does not.  The plain language of 26 U.S.C. § 6103(i)(2) mandates disclosure under the specific circumstances and preconditions outlined in the Memorandum.  For this reason, the plaintiffs have failed to show they are likely to succeed on their claims.  Accordingly, it is

**ORDERED** that the plaintiffs' Motion for Preliminary Injunction, Dkt. 28, is **DENIED**.


DABNEY L. FRIEDRICH
United States District Judge

May 12, 2025